METROPOLITAN LIFE INS. CO. *v.* LAMBERT.

(Division A. May 26, 1930.)

[128 So. 750. No. 28719.]

760

Wells, Jones, Wells & Lipscomb, of Jackson, and Currie, Stevens & Currie, of Hattiesburg, for appellant.

Currie & Currie, of Hattiesburg, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment against the appellant on an employee's disability insurance policy. The suit is on a certificate issued by the appellant, setting forth:

"This is to certify that under and subject to the terms and conditions of group policy No. 1872 G. Tillie Lambert an employee of Mississippi Central Railroad Company (herein called the employer) is hereby insured for two thousand dollars, if death occur while the employee is in the employ of the employer, the amount of insurance in force on said employee, in accordance with group policy as above, will be paid to *Florette Lambert* beneficiary."

The group policy referred to in the certificate contains, the following provision:

"Upon receipt, at the Home Office in the City of New York, of due proof that any employee while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the Company will, in lieu of the payment at death of the insurance on the life of the said Employee, as herein provided, pay equal monthly installments, as hereinafter described, to the said Employee, or to a person designated by him for the purpose, or, if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record of the said Employee."

The certificate further provides that:

"Any employee shall be considered as totally and permanently disabled who furnishes due proof that, as a result of bodily injury suffered or disease contracted while his insurance was in force and prior to his sixtieth birthday, he is permanently, continuously and wholly pre-

vented thereby from performing any work for compensation or profit.

"Upon receipt of due proof of such disability, the Metropolitan Life Insurance Company, will pay to such employee, in lieu of the payment at death of the said insurance on the life of such employee, equal monthly installments based on the amount of insurance in force on such employee at the date of receipt of proof of such disability as shown in the following table:

| Amount of Insurance | No. of Monthly Installments | Amount of each Installment |
|---|---|---|
| $1,000 | 20 | $51.04 |
| 2,000 | 40 | 52.40 |
| 3,000 | 60 | 54.00 |

"Such installment payments will be made only during the continuance of such disability."

The appellee, while employed by the Mississippi Central Railroad Company, and in discharge of his duties as such employee, suffered a compound fracture of the wrist of a very serious character. The wound seems to have healed, but he is unable to use the hand, the fingers of which cannot be closed. According to his evidence he suffers practically continuous intense pain in the arm, shoulder, and back of the neck, because of which he is wholly unable to do any work whatever; and, in addition, that his hope of recovery, if any, depends on his abstinence from labor. In this he was corroborated, in so far as facts of this character are susceptible of corroboration, by members of his family, and persons under whose observation he has come, one of whom was his physician, who has treated him for a large part of the time since his injury was received. This physician testified that the appellee's pain is caused by the cramping of the nerves of the arm, shoulder, and neck, which could be overcome, if at all, only by "a general buildup" treatment; that his blood pressure is very low, and he is a sick man, physically unable to perform continuous work; that "having due regard to his health, and with a view

of regaining his health and getting well it is not possible for him to engage in work of any kind." "He has no vitality and nerve force to do it."

The court below refused to direct a verdict for the appellant, and committed no error in so doing; for if the evidence hereinbefore set out is true, the appellant is, in so far as the facts can now be determined, "totally and permanently disabled . . . so as to be prevented thereby from engaging in any occupation and performing any work."

The appellant is without means for the support of his family, and some time after his injury he obtained employment as night watchman at an industrial plant. This work was of an easy character, and he could sit most of the time while discharging it; but he says he discharged even this with difficulty, because of the pain he was suffering. In this he was corroborated by an employee of the plant, who stated that on several occasions he saw him, while on duty as night watchman, evidencing that he was then suffering pain. There was evidence that in discharging this duty the appellee seemed to be in a normal condition, and that his duties were satisfactorily discharged.

That the appellee has engaged, since his injury, in working as a night watchman does not necessarily indicate that he is not totally disabled, within the meaning of the policy. If his physical condition then, and at the time of the trial, was such that, in order to effect a cure, common care and prudence required that he cease attempting to work—and his physician so testified—he was totally disabled within the meaning of the policy.

The court below committed no error in refusing the appellee's request for a directed verdict, nor in refusing it. An instruction charging the jury that:

"The court instructs the jury for the defendant that if you believe from the evidence in this case that the plaintiff has performed any work or engaged in any occupation for compensation or profit since the date of

January 10th, 1928, then it will be your sworn duty to find for the defendant.''

The only evidence on which this instruction could have been based being the work done by the appellee as a night watchman.

The instructions granted the appellee which we have numbered 1, 4, and 8 in the record, and which the reporter will set out in full, contain no reversible error, if error at all. The words, ''that the plaintiff is an uneducated laborer,'' might very well, and probably ought to have been omitted from instruction No. 4, but their inclusion therein, on the evidence, was harmless.

Instruction No. 7 granted the appellee was unnecessary, as there was no controversy as to the policy being in force when the appellee was injured, but it could not have prejudiced the appellant.

Instruction No. 6, which charged the jury that, ''the court further instructs the jury for the plaintiff, that the plaintiff, although uneducated and unskilled in human anatomy, medicine and surgery, is a competent witness to testify in his own behalf concerning his own state of physical disability and the cause thereof,'' should not have been given. The court sufficiently advises the jury that a witness is competent when it permits him to testify. Reminding the jury that the witness was ''uneducated and unskilled in human anatomy, medicine and surgery,'' may be to some extent a comment on the value of his testimony. If so, the instruction would require further consideration here. If the appellant had testified to any facts as to which the testimony of an educated man, skilled in human anatomy, medicine, and surgery, would have been of more value than the testimony of one who did not possess such qualifications, but he gave no such testimony. He testified only to his injury, his pain and suffering, and his inability to work.

Over the objection of the appellant, the appellee was permitted to introduce in evidence carbon copies of several documents which had been forwarded to the appel-

lant by his counsel, in compliance with the requirement of the policy that the appellant be furnished with due proof of disability. The original of these copies were not accounted for, and no notice was served on the appellee to produce them. It will not be necessary for us to pass on the admissibility of this evidence, for the reason that the appellant, in the course of the correspondence between it and counsel for the appellee, disclaimed all liability under the policy, on the ground that the appellee's injuries did not come within the terms thereof.

The appellee's policy was for two thousand dollars, but payable, in the event of his becoming totally disabled, in forty monthly installments of fifty-two dollars and fifty cents each.

The jury returned a verdict for the appellee, without designating the amount of his recovery, and the court entered a judgment thereon for two thousand dollars. This was error. The declaration alleges the failure of the appellant to pay any of the monthly installments accrued under the policy; and while it prays for a recovery in the sum of two thousand dollars, the only recovery to which appellee was entitled was for the unpaid monthly installments of fifty-two dollars and fifty cents each; and a judgment should have been entered for the aggregate thereof, with accrued interest, only.

For this error the judgment of the court will be set aside, and a proper judgment will be entered here.

Reversed in part, and affirmed in part.