## New York Life Ins. Co. v. Best.

(Division B. June 2, 1930.)

[128 So. 566. No. 28756.]

Deavours & Hilbun, of Laurel, for appellant.

Montgomery & Buchanan, of Laurel, for appellee.

Ethridge, P. J., delivered the opinion of the court.

Mrs. Sarah E. Best, the complainant, filed her bill on the equity side of the county court to recover a benefit

of ten dollars per month payable under a life insurance policy issued by the appellant upon her life, which also contained a ten dollar per month benefit. The pertinent part of the policy upon liability is as follows:

"And upon receipt of due proof that the insured is totally and presumably permanently disabled before age sixty as defined under 'Total and Permanent Disability' on the second page hereof, the company agrees to pay to the insured a monthly income of ten dollars increasing after five and ten years of continuous disability, and to waive payment of premiums, as provided herein."

"Disability shall be considered total whenever the insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation or from engaging in any business for remuneration or profit, provided such disability occurred after insurance under this policy took effect and before the anniversary of the policy on which the insured's age at next birthday is sixty."

The appellee belonged to a religious organization which believed in divine healing, and after the issuance of the policy and before the age of sixty she became afflicted with a disease known as arthritis in both feet, and claimed that she was unable to do her work, and while she could and did do a small amount of work around the household she could not stand upon her feet for any length of time on account of the great pain occasioned from the said disease affecting her feet and ankles. She made a claim to the company but they declined to recognize the claim and required her to submit claim showing an examination by a physician. She thereon went to Dr. Butler, a physician, and he found her suffering with this disease, and he testified that it was incurable and he found her feet and ankles swollen, inflamed and sensitive. He also testified that to stand upon one's feet when afflicted with this disease is painful and that he "would have hated mighty bad to have had to

try to work in that condition but there is no use to say you couldn't stand on the feet in such condition because they could for a limited time, but they were standing in torture when they do.''

It seemed that about a month after Dr. Butler's examination the complainant, Mrs. Best, went to another physician who likewise made a statement to the court of her condition. The company, in June following the examination in February, sent a physician appointed by them to see the complainant and he made a written report in which he showed that she was so afflicted and had had the two previous medical examinations, but he certified that in his opinion she was not disabled from doing work and that she was not entitled to the claim on account of disability. This physician was of the opinion that the disease could be cured by proper treatment which would necessitate the use of a prescription by a competent physician and absolute rest in bed by the patient. This last physician made no physical examination but based his opinion upon statements made by the complainant in answer to his questions.

The county judge rendered a written opinion in which he found that the complainant was a worthy and credible witness, and found according to Dr. Butler's testimony as to the condition of the patient and the incurable nature of the disease, and stating that the other physicians did not seem to have made a careful examination, and while they were worthy and credible men and trustworthy witnesses that he thought the examination was not accurate, and that of Dr. Butler was true and correct, and he rendered judgment in favor of the complainant.

It appears that prior to the bringing of the suit the appellant insurance company had undertaken to cancel the policy, and that after the disease had been in progress for some months a premium became due which was not paid. The provision of the policy above referred to shows that when the disability accrues the premium is waived.

The appellant challenges the jurisdiction of the county court to entertain the suit and argues at some length that it is not a matter of equity jurisdiction but one for the law courts. We think, under the decision of this court in Moore v. General Motors Acceptance Corporation, 155 Miss. 818, 125 So. 411, holding that where a circuit court affirmed the county court and thereby held with county court that the case was an equity case, the Supreme Court could not reverse judgment on appeal, under section 147 of the Constitution of 1890, on the ground that the case was one of law and not of equity; and because the court here has taken jurisdiction and rendered final judgment and such judgment has been affirmed by the circuit court, this precludes us from reversing the case upon this ground. It is also earnestly argued that the proof is insufficient to sustain the judgment because the complainant did a portion of her household work, and therefore that she was not totally and permanently disabled under the terms of the policy. We have examined the testimony and think it was sufficient for the county court to base its finding upon, and that this case in this aspect of it is controlled by the pronouncement in Equitable Life Assur. Soc. v. Serio (Miss.), 124 So. 485, and authorities cited in that case.

The judgment of the court below will therefore be affirmed.

Affirmed.