NEW YORK LIFE INS. CO. *v.* BAIN.

(Division B. Feb. 19, 1934.)

[152 So. 845. No. 31072.]

**Watkins & Eager,** of Jackson, for appellant.

H. F. Jones, of Belzoni, for appellee.

Argued orally by **W. H. Watkins, Jr.,** for appellant, and by **H. F. Jones,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant issued a policy in favor of the appellee which, among other things, provided for benefit in case of total and permanent disability. The provision involved reads as follows:

"Whenever the company receives due proof, before default in the payment of premium, that the Insured, before the anniversary of the policy on which the Insured's age at nearest birthday is sixty years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for

remuneration or profit, and that such disability has existed for not less than sixty days . . . then. . . . One year after anniversary of the policy next succeeding the receipt of such proof, the company will pay the Insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured.''

In 1929, the appellee had a slight stroke of paralysis, but made no claim under his policy, and continued to operate his business as a plantation manager. On May 25, 1931, he suffered a second stroke and was afflicted with high blood pressure. Thereafter the appellee contended that he was totally and permanently disabled within the terms of the policy, and brought this suit for the sum of two hundred dollars, that being the amount then due, if his contention was sustained.

We do not deem it necessary to set out the statement of facts at length, as the principles of law are well settled in this state. See Equitable Life Assur. Soc. v. Serio, 155 Miss. 515, 124 So. 485; New York Life Ins. Co. v. Best, 157 Miss. 571, 128 So. 565; Metropolitan Ins. Co. v. Lambert, 157 Miss. 759, 128 So. 750; Mutual Ben. Health & Accident Ass'n v. Mathis (Miss.), 142 So. 494; Metropolitan Ins. Co. v. Cato, 113 Miss. 283, 74 So. 114; Shipp v. Metropolitan Ins. Co., 146 Miss. 18, 111 So. 453.

We have examined the evidence, and we think the appellee's testimony, if believe to be true, and as the jury found by their verdict, was sufficient to sustain a recovery.

It is true that the appellee did visit his plantation, spending some time there each morning, attempting to look over the management thereof, but his physician testified that this was dangerous to his health, jeopardized his life, and was against his advice. The provisions of the policy do not require utter inability and entire helplessness for recovery. The cases above mentioned sufficiently define the meaning of such provisions. It is not

what a person does that entitles him to recovery, but it is the condition in which he is, and whether the activities will seriously endanger his health or life. The medical testimony in this case shows that, while moderate exercise is beneficial, excessive or tiresome exercise is dangerous.

We think the facts in this case were for the jury, and we are unable to find any reversible error therein. The judgment of the court below will be affirmed.

Affirmed.