ODOM, Justice
 

 (dissenting).
 

 The plaintiff is claiming benefits under the insurance policy involved on the ground that he is totally disabled. The policy defines “total disability” as “any impairment of mind or body which continually renders it impossible for the insured to follow a gainful occupation.” I dissent from the majority opinion because it is perfectly clear to me that plaintiff is not totally disabled. His impairment of body does not, according to the testimony as I read it, make it impossible for him to follow a gainful occupation.
 

 The serious error into which I think the court has fallen is in applying the rules which apply to ordinary common laborers. This plaintiff was not at the time he made application for this insurance an ordinary “dirt farmer,” as that term is sometimes applied, in the sense that he earned his living by tilling the soil with his own hands. He was then and still is the owner of a large plantation which is cultivated by tenant farmers. The testimony shows that there are some thirteen colored families who live on the place and do the farm work. The testimony abundantly shows that plaintiff’s chief occupation was and is the supervision of his plantation operations. It is true that the plaintiff is not now able to do hard manual labor. He cannot do any work which involves heavy lifting. All the doctors advise against that, but it is true that he is now able to do substantially all things necessary in order to carry on his farming operations. As evidence of the fact that he is able to carry on his farming operations and conduct his business in practically the same manner as he was always conducting it, is the fact that he does. The testimony shows that his plantation is about as productive as it ever was, and while it may be that his net earnings are not up to what they were in previous years, that does not seem to be due to the fact that he does not produce as much cotton and corn as he previously did.
 

 If the testimony showed that plaintiff’s business was that of an ordinary farm laborer and that he earned his livelihood by doing manual labor on the farm, I would unhesitatingly subscribe to the view that he is totally disabled under the terms of the policy. In the case of Frey v. Manhattan Life Insurance Company, 182 La. 821, 162 So. 633, the testimony showed that plaintiff was an ordinary farm laborer, that he owned a small tract of land which he cultivated with his own hands, and that he was so afflicted that it was impossible for him to make a crop. He could do manual labor for a few hours at a time, but if he did so he was laid up with fever for several days thereafter. His business was to cultivate the land and not to supervise a plantation.
 

 My view is that even though the plaintiff in this case is unable to hoe, plow, milk the cows, bale hay, or handle cotton and other farm products as he once could, yet, inasmuch as work of that kind was never his chief occupation, it cannot be said that he 'is totally disabled at the present time when his chief business is shown to be that
 
 *923
 
 of supervising his farming operations. As I say, he is unquestionably able to do substantially all that is necessary to carry on.
 

 In the majority opinion the following cases are cited in support of the conclusions reached in this case: Crowe v. Equitable Life Assurance Society, 179 La. 444, 450, 154 So. 52; Manuel v. Metropolitan Life Insurance Company (La.App.) 139 So. 548; Cates v. New York Life Insurance Company (La.App.) 159 So. 172; Phillips v. Mutual Life Insurance Company (La.App.) 155 So. 487; Metropolitan Life Insurance Company v. Lambert, 157 Miss. 759, 128 So. 750; New York Life Insurance Company v. Best, 157 Miss. 571, 128 So. 565; and Jefferson Standard Life Insurance Company v. Simpson, 228 Ala. 146, 153 So. 198, 199. I have carefully read all these cases, and find that while the facts and circumstances may be somewhat similar to those in the present case, yet they do not support the court’s findings here.
 

 In the Crowe Case the insured, or plaintiff, “was employed as a manual laborer by the Newport Company. * * * While so employed * * * a trestle turned over and fell on him, injuring his back, right hip, and chest. * * * The plaintiff is a white man fifty years old, with little schooling, who has earned his living wholly by manual labor. As the result of his injury he suffers pain from any physical exertion, walking, standing erect, and even while sitting down.”
 

 In the Manuel Case, which was decided by the Court of Appeal, the insured was afflicted with pulmonary tuberculosis affecting both lungs. He was a rice farmer and was not able to manage his farm himself. He was confined for a greater portion of the time to his room, where he consulted his tenants. The testimony showed that he did not and could not go out on his-farm and" superintend the growing of rice. Being afflicted with tuberculosis, his physicians advised that nothing but continued rest would prevent a collapse.
 

 In the Cates Case, also decided by the Court of Appeal, the business of insured, who had previously lost one of his legs through an operation, was to look after a plantation store and a farm. He became afflicted with hardening of the arteries, high blood pressure, enlargment of the heart, and chronic Bright’s disease, and physicians were of the opinion and so advised him that any kind of work would probably hasten his death.
 

 In the Phillips Case the plaintiff was a tenant farmer about fifty-three years old, who rented a few acres of land on which he grew cotton, corn, and peanuts. In
 
 orr
 
 der to produce these, he labored with his own hands, was a common farm laborer. Pie was afflicted with an inguinal hernia and the testimony showed that he suffered great pain while at work, and that he was not physically able to make a crop. The facts of that case .were exactly like those of Frey v. Manhattan Life Insurance Company, supra.
 

 In the Metropolitan Life Insurance Company Case, decided by the Mississippi Supreme Court, the insured was a common laborer employed by a railroad company, and while at work suffered a compound fracture of the wrist. The wound healed,
 
 *925
 
 but the court found as a fact that he was unable to use his hand because he could not close the fingers. He suffered continuously intense pains in the arm, shoulder, back, and neck caused by a cramping of the nerves in those parts of the body, and in the opinion of physicians he could not be cured except by complete rest. His blood pressure was low and he had practically no vitality.
 

 In the New York Life Insurance Company Case, also a Mississippi case, the insured was a woman afflicted with incurable arthritis which prevented her from doing her ordinary work. The physicians said that she could be cured, if at all, only by medical treatment followed by complete rest.
 

 In the Jefferson Standard Life Insurance Company Case, decided by the Supreme Court of Alabama, the only evidence of disability was that of physicians who said plaintiff’s affliction “comes under the class of neurosis and it affects his functions so that any exercise brings about an exhaustion and he cannot pursue any physical exertion for any length of time.” The physicians stated that in their opinion the insured was totally disabled, and, as there was no other testimony, it was held that the insured was entitled to recover.
 

 Certainly, these cases do not support the proposition that the plaintiff in the case at bar is totally disabled. The facts in each of those cases unquestionably showed total disability.
 

 The trial judge in a written opinion which I find in the record cited some of the above cases, saying that it was held that there was total and permanent disability under facts “very similar to those disclosed in this case.” He said further, “It may be true that in some of those cases the facts are stronger than in this case, but we can not see just where the courts are to draw the line.” The judge was entirely correct in his suggestion that in the cited cases the facts were “stronger” than in the case at bar. The fault that I find with the majority opinion is that the facts are not strong enough to support the conclusion that plaintiff is totally disabled. The trial judge said that he could not see just where courts are to draw the line. It seems to me that it is easy enough to tell where the line should be drawn. If the insured is entitled to disability benefits only in case he is totally disabled from following any gainful occupation, then if he is not totally disabled, he is not entitled to recover, of course, and the court must rely upon the facts disclosed in each case in order to discover whether there is total disability. Whether there is total disability in any given case depends very largely upon whether the insured is an ordinary, common, or manual laborer or whether he is engaged in some business involving principally supervision and management. If he is a manual laborer and is so crippled that he can no longer work, then he is totally disabled under the provisions of the policies. But if his chief business is that of supervision and management and the testimony shows that he can do substantially' all things necessary to the carrying on of that business, he is not totally disabled
 
 *927
 
 even though he may not be physically able to do heavy manual labor.
 

 I respectfully dissent from the opinion <5f the majority.