This case comes to us by way of review from the Second Circuit Court of Appeal. The sole question raised in the application for review is the amount of compensation that should be allowed. However, we examined the record and find that the judgment of the Court of Appeal is correct in all respects except as to the amount of compensation awarded.
The plaintiff is seeking to recover compensation for herself and her minor son from the defendant on the grounds that another son died as a result of injury received while in the employ of the defendant and that she and her minor son were wholly dependent upon the deceased at the time he received the injuries which resulted in his death.
Upon trial of the case, the trial court awarded the plaintiff, individually and for the benefit of her minor son, $6.00 per week for a period of 300 weeks. On appeal, *Page 402 
the Court of Appeal, 28 So.2d 755, 759, amended the judgment by awarding her, individually and for the benefit of her minor son $6.00 per week for a period not exceeding 300 weeks. The plaintiff applied for and has obtained a review.
We granted a review in this case because of the manner in which the award was arrived at, as stated in the opinion handed down by the Court of Appeal, which reads as follows: "The record in this case shows conclusively that the deceased made regular contributions to his mother's support by buying groceries for her and giving her sums of money, but all of the testimony is indefinite as to the amount he contributed. We are not convinced that she and her minor son were wholly dependent on deceased, but we do believe that she made out a case of partial dependency and accordingly we approve the award of $6 per week, which would be $3 for each dependent."
It would appear from a reading of the above reasons stated in the Court of Appeal's opinion that because the plaintiff did not prove the exact amount contributed for support that she was not entitled to recover as a total dependent. No other facts are set out in the opinion to indicate a partial dependency.
We have examined the testimony in the case and find that the plaintiff is an elderly Negro woman, who appears to be illiterate. Her testimony is to the effect that she and her minor son were wholly *Page 403 
dependent for their sustenance upon the deceased. She stated that she lived in a house at an experimental station without having to pay any rent. She stated that her minor son attended school and worked part of the time. We gather from her testimony that the earnings of this minor son were not sufficient to support him or afford any support to the plaintiff. We see no reason to disturb the judgment as to the award made for the support of the minor because the evidence does not establish the degree of partial dependency. However, the testimony shows that the plaintiff was wholly dependent upon the deceased for support and she is entitled to recover on that basis. Her testimony is corroborated by some of her relatives and there is no evidence in the record to contradict it. The fact that an illiterate or ignorant person is unable to testify as to the exact amount contributed to her support is not sufficient grounds for denying an award based on total dependency. All of the evidence and the surrounding circumstances must be taken into consideration. We have arrived at the conclusion that she was wholly dependent upon the deceased and the award should be increased to that extent.
The evidence shows that the deceased was earning approximately $40.00 per week. Under the compensation law of this State, Act No. 242 of 1928, § 8 subd. 2(E) 7, pp. 359, 360, the dependent mother is entitled to 32 1/2% of the weekly wage of the deceased, which will amount to $13.00 per *Page 404 
week. The $3.00 per week awarded for the support of the minor would bring the amount, that should be awarded to the plaintiff for herself and the minor, to $16.00.
For the reasons assigned, the judgment of the Court of Appeal is amended so as to award the plaintiff $16.00 per week, individually and for the use and benefit of the minor, for a period not exceeding 300 weeks. As thus amended, the judgment is affirmed. All costs to be paid by the defendant.
HAWTHORNE, J., dissents from the judgment increasing the award to the plaintiff, being of the opinion that the evidence does not show she was totally dependent on her son for support, and therefore is of the opinion that the judgment of the Court of Appeal affirming the judgment of the district court should be made the judgment of this court.
O'NEILL, C. J., absent.