Ross, Dependent of *v.* Ross, Etc.

No. 41649 February 6, 1961 126 So. 2d 512

*J. A. Travis, Jr., Barney E. Eaton, III, J. C. Stennett,* Jackson, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellees.

ETHRIDGE, J.

The principal question in this workmen's compensation case is whether claimant, Hugh Daniel Ross, was the ''wholly dependent'' brother of the deceased employee, Henry King Ross. The attorney-referee awarded compensation, and the Commission affirmed

him. From that order both claimant and the employer and carrier appealed. The former contended that the average weekly wages fixed by the Commission were too small, and the latter asserted they were too high, and claimant was not wholly dependent upon deceased. The circuit court affirmed the Commission's order in part, as to dependency, but modified the order as to average weekly wages, reducing substantially the amount found by the Commission. Claimant then took a direct appeal from the circuit court's judgment, contending it erred in reducing the average weekly wage. The employer and insurance carrier cross-appealed, claiming the circuit court erred in affirming the Commission on dependency.

Henry Ross, the deceased, worked for the appellee, his brother, Joe J. Ross, doing business as the Ross Rockwool and Fiberglass Insulation Company. Henry was unmarried, and the ''right-hand man'' of Joe in the insulation business for sixteen years. On February 5, 1959, Henry Ross died while installing insulation materials in a new residence. There is no issue on this appeal of causal connection. Henry's death arose out of and in the court of his employment. The question is whether Henry's surviving brother Hugh Ross was wholly dependent upon him so as to be entitled to workmen's compensation benefits; or, if Henry died without a dependent, the employer and carrier would have to pay $500 into the second-injury fund. Miss. Code 1942, Section 6998-37.

Miss. Code 1942, Section 6998-02 (12) defines dependent brother as one who is ''wholly dependent'' upon the deceased employee and incapable of self-support by reason of mental or physical disability.''

 Code Section 6998-13 (g) provides that a surviving wife, child or children ''shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or partial dependence as

the facts may warrant." This quoted provision makes the question of whether claimant is a dependent of the deceased employee one of fact. ■■ The Workmen's Compensation Commission is the trier of the facts, ■■ and its decision will be affirmed if supported by substantial evidence. ■■ Moreover, where the evidence is in dispute or conflict, we must take it in the light most favorable to claimant, since the Commission found in his favor.

In view of these principles, we state the facts which the Commission was warranted in finding favorably to appellant. Claimant Hugh Ross is around fifty years of age and lives alone at Star, a small community south of Jackson. Claimant has only one arm, and is what his personal physician described as a "high moron." He "cannot think and work on the job himself. He can do odd jobs. Now he sweeps out a church down there for them . . ." but he could not hold a regular job. With one arm, Hugh does some small gardening in season. In short, claimant is undisputedly incapable of self-support by reason of mental and physical disabilities. Code Section 6998-02 (12).

The deceased employee, Hugh's brother Henry, has been for many years Hugh's principal and almost complete means of support. Henry contributed in cash to Hugh for many years a minimum of $50 a month. Hugh, the claimant, in addition to his mental and physical infirmities stated above, has suffered ill health for a number of years. Without Henry's regular monthly contributions to him, claimant would have been left in destitute circumstances and in fact could not have lived without seeking help elsewhere. This regular monthly cash support furnished claimant by Henry Ross was at least 75% of the cash money received by Hugh. Hugh's brother, Vernon Ross, made no contributions to him. Joe Ross, for whom the deceased employee worked, during the year preceding Henry's death, sent Hugh three small

checks of $20, $10 and $35, respectively, in June, October and November 1958. He also paid a hospital bill for Hugh in 1958 in the amount of $279.59, which Joe said was for the purpose of simply relieving Hugh of that debt.

These three small checks Joe gave claimant were irregular, sporadic and insubstantial contributions. Nor do we think the payment by Joe of the hospital bill was anything other than an unanticipated gratuity from the brother who was not supporting claimant. As Joe said, it would not pay claimant's grocery bills. It was in the nature of a gift.

The only income claimant received regularly was that furnished him by the deceased employee, and approximately $16.67 a month Hugh earned sweeping a church. The Commission concluded, therefore, that claimant was dependent on no one else except the deceased brother Henry, and that he possessed no other consequential source or means of maintenance other than through this brother. In other words, claimant occupied the status of being entirely dependent upon Henry Ross.

The attorney-referee found: "All of the testimony and evidence indicated that Hugh D. Ross was dependent upon the deceased . . ."; that Hugh was "the sole dependent of the deceased, over 18 years of age, but incapable of self-support by reason of mental incapability and physical disability." Hence the referee awarded compensation, and the Commission affirmed that award, in a memorandum opinion. The dissenting commissioner differed only on the amount of Henry's average weekly wages. He concurred with the other two commissioners on the issue of compensability and therefore dependence within the statute. On appeal, the circuit court likewise affirmed the Commission on the question of dependency. The circuit judge held there was substantial evidence to support the award, finding the "primary support" was from deceased. The circuit court modified the Commis-

sion's order only as to the amount of deceased's average weekly wages.

In short, the attorney-referee, Commission, and circuit court all held that Hugh Ross was "wholly dependent" upon the deceased employee within the terms of the statute, and incapable of self-support. There is no dispute about the latter factor. The question is whether there is substantial evidence to support the Commission's finding of dependency.

After reviewing many cases on the subject, 9 Schneider, Workmen's Compensation (3d Ed. 1950), p. 22, summarizes the cases on this point: "A total dependent is one who has no means of support and depends entirely upon the contribution from the employee for his support. While this broad definition of total dependency is usually accepted, it is not generally adhered to. If a claimant receives an insignificant income from others than the employee, or if he receives some income from his own efforts, he may still be entitled to compensation as a total dependent. Some work and minor income does not preclude total dependency if substantially all of a mother's income was received from her son." Blue Diamond Coal Company v. Frazier, 229 Ky. 450, 17 S. W. 2d 406 (1929); Rasor v. Marshall Hall Grain Corporation, 224 Mo. App. 253, 25 S. W. 2d 506 (1930).

2 Larson, Workmen's Compensation Law (1952), Section 63.13, p. 105, states: "Even total dependency is consistent with the receipt of some other income, if insubstantial or sporadic. Thus, a mother has been held totally dependent on her son, although she received only ten percent of his earnings, and although a sister contributed $25 a month to the household—an amount no greater than necessary to pay for her share of the expenses. A husband has been held totally dependent on his wife, who had supported him for years, his only earnings being two or three dollars a week from taking care of a few pigs and doing part-time barbering." Ford, Bacon and Davis v. Paxton, 304 Ky. 292, 200 S.

W. 2d 738 (1947); Obear-Nester Glass Company v. Industrial Commission, 398 Ill. 342, 75 N. E. 2nd 892 (1947).

In Aultman v. Crosby Chemical, Inc., 222 Miss. 98, 75 So. 2d 458 (1954), this Court recognized the principle that total dependency is consistent with the receipt of some other income, if insubstantial or sporadic, citing Larson, *supra*. There claimant was the 34-year old, unmarried, feebleminded daughter of the deceased employee. However, the evidence showed that the employee-father made only small contributions in her behalf, at irregular intervals. In fact, the daughter was supported by her mother and her second husband, and after her death, by her brother, not by the employee. The Commission held the evidence was not sufficient to show claimant was wholly dependent on her father. That finding was affirmed. It was noted that the statement in Larson would sustain claimant as being totally dependent upon her brother Robert, where her father had made only insubstantial or sporadic contributions. But the Court said that the daughter had been ''dependent primarily'' upon her mother, and after the mother's death, her brother. In fine, the *Aultman* case recognizes the principle that insubstantial and sporadic contributions from others do not remove a claimant from total dependency on an employee, and that total dependency is consistent with the receipt of some other insubstantial income, where claimant is ''dependent primarily'' upon the employee.

99 C. J. S., Workmen's Compensation, Section 134 (b), p. 455, also recognizes this principle, as follows: ''. . . a claimant need not show destitution in order to obtain an award as a total dependent; courts will not deprive applicants of the rights accorded total dependents merely because of minor considerations or benefits which do not substantially affect or modify the status of the applicants toward the deceased employee, and a

person may claim as a total dependent although he may have some slight savings of his own, or some other slight property, or be able to make something by his own service." This text cites in support of these principles cases from Maryland, Kansas, Minnesota, Missouri, Pennsylvania, South Carolina, Michigan, North Carolina and Kentucky. See also 58 Am. Jur., Workmen's Compensation, Section 163.

Malone, Louisiana Workmen's Compensation (1951), Section 307, discusses a number of Louisiana cases dealing with whether a claimant is wholly dependent. He states: "Even though the dependent received some small support from sources other than the deceased, he may still be regarded as wholly dependent. The cases do not make clear how much outside contribution is permissible before the status of total dependency is lost. Presumably such outside help must be trivial. ' " 'Total dependency' on a deceased employee . . . exists where the dependent subsists entirely on the earnings of decedent; but, when otherwise entitled to the right of total dependents, claimants are not deprived thereof on account of temporary gratuitous services rendered them by others, occasional financial assistance by others, or other minor considerations or benefits." ' " Britt v. Nashville Bridge Company, 171 So. 493, 496, (La. App. 1937); Bloomington-Bedford Stone Company v. Phillips, 65 Ind. App. 189, 116 N. E. 850, 852 (1917).

In Winfrey v. Mass. Bonding and Insurance Company, 19 So. 2d 727 (La. App. 1944), a dependent crippled parent who was 74-years of age operated a rooming house at a loss. Holding claimant was wholly dependent within the act, the court observed: "To be wholly dependent two conditions must exist: Dependency on no one else, and possession of no other consequential source or means of maintenance." See also Hardy v. Rapides Parish School Board, 197 So. 162 (La. App. 1940); Buettner v. Polar Bar Ice Cream Company, 17 So. 2d 486 (La.

App. 1944); Fields v. Brown Paper Mill Company, 213 La. 400, 34 So. 2d 904 (1948); Olivera v. Hatco Chemical Company, 55 N. J. Super. 336, 150 A. 2d 781, 790 (1959); U. S. Coal and Coke Company v. Sutton, 268 Ky. 405, 105 S. W. 2d 173, 177 (1937); Larkin v. Smith, 183 Md. 274, 37 A. 2d 340, 343. Cf. McKeon v. State for Use of Conrad, 211 Md. 437, 127 A. 2d 635, 638 (1950), cited in 45 Words and Phrases, p. 121, supp. pp. 29-30 ("wholly dependent" under wrongful death act.)

■■■ The literal interpretation of the phrase "wholly dependent" urged by appellees has been rejected by most of the courts which have passed upon similar phrases, and by the scholars who have worked in this field. The act must receive a common-sense and a liberal construction in the light of the legislative purpose. ■■■ A phrase constituting part of a legislative statement of policy cannot be considered *in vacuo*. It must be related to the reasons for the statute and the experience and attitudes of other states and courts on this issue. The "almost universal rule" rejects the hyper-restrictive interpretation suggested by appellee. Larkin v. Smith, supra, 37 A. 2d at 343; Obear-Nester Glass Company v. Industrial Commission, supra, 75 N. E. 2d at 894. This Court in the *Aultman* case rejected the position urged by appellees, and adopted the majority rule discussed above.

In addition, an interesting and close analogy to this question exists in the Mississippi cases interpreting the phrase "total and permanent disability" in life and accident insurance policies. It is settled in this state that, in order for one to be totally disabled within the meaning of such an insurance policy, it is not necessary that he be wholly incapacitated to perform any duty incident to his usual employment or business. If the insured is prevented by his injury from doing the substantial and material acts required of him in his business, or if his

physical condition is such that, in order to effect a cure or prolongation of life, common care and prudence require that he cease all work, he is totally disabled within the meaning of such policies. Metropolitan Casualty Insurance Company v. Cato, 113 Miss. 283, 74 So. 114 (1916); Equitable Life Assurance Society v. Serio, 155 Miss. 515, 124 So. 485 (1929); Metropolitan Life Insurance Company v. Lambert, 157 Miss. 759, 128 So. 750 (1930); Mutual Benefit Health and Accident Association v. Mathis, 169 Miss. 187, 142 So. 494 (1932). A total and permanent disability clause does not require ''utter inability and entire helplessness for recovery.'' New York Life Insurance Company v. Bain, 169 Miss. 271, 152 So. 845 (1934); American Bankers Insurance Company v. White, 171 Miss. 677, 158 So. 346 (1935).

In conclusion, there was ample evidence to warrant the Commission in finding, not only that claimant is incapable of self-support because of mental and physical disability, but also that he was ''wholly dependent'' upon the deceased employee, his brother, within the meaning of the authorities discussed above and the intent and purpose of the compensation act.

Other than the stated inconsequential items, it is manifest that his entire support came from his deceased brother Henry. Certainly he was dependent on no one else. He was unable to support himself, and he possessed no other consequential source or means of maintenance.

We do not think that claimant should be deprived of the status of being wholly dependent on the deceased employee by these irregular and insubstantial items. Claimant need not show utter destitution in order to obtain an award as a total dependent. The stated minor benefits did not substantially modify claimant's status toward his brother. And his earning a very small amount each month by cleaning a church does not affect his status of entire dependency. In other words, the Commission was justified in finding that claimant received

only insignificant income and benefits from sources other than the employee, and the small amount received from his own efforts at the church did not deprive him of compensation as being wholly dependent upon his brother. In accord with the statutory provision, Section 6998-13(g), and within the scope of review by this Court, there was substantial evidence to support the Commission's unanimous finding that, within the intent and purpose of the act, claimant was wholly dependent upon his brother Henry. Hence the order of the Commission and the judgment of the circuit court are affirmed as to dependency.

On the second issue, that of average weekly wages of the deceased employee, we think there was substantial evidence to support the Commission's order. Hence that part of the judgment of the circuit court modifying the Commission's order is reversed. The order of the Commission is affirmed in its entirety.

Affirmed in part, reversed in part, and order of Workmen's Compensation Commission reinstated, and affirmed in toto.

*McGehee, C.J.,* and *Lee, Arrington* and *Rodgers, JJ.,* concur.

GILLESPIE, J., Dissenting in part:

I agree with the majority in all respects except on the question whether under the facts Hugh Daniel Ross was "wholly dependent" on deceased. My dissent on this point is intended to clearly mark the path the Court has charted.

The Act specifically deals with three categories of dependents: (1) Wife and children who are presumed to be wholly dependent; (2) brother, etc., who, though over 18 years of age, is "wholly dependent upon the deceased employee and incapable of self-support by reason of mental or physical disability," and (3) all other dependents shall be considered on the basis of total or

partial dependence as the facts may warrant. The majority opinion cites the appropriate sections of the Act.

Since the legislature states what dependents shall be presumed to be wholly dependent, and provided for partial dependency, the use of the words "wholly dependent" applying to brothers and sisters over the age of 18 years must have been for some purpose. In my opinion, the legislature meant what it said. This Act is a creature of the legislature. We must construe where there is room for construction, but we have no rightful power to rewrite any part of the Act. In Aultman v. Crosby Chemicals, Inc., 222 Miss. 98, 75 So. 2d 458, we held that being "wholly dependent" was consistent with the receipt of some other income, if insubstantial or sporadic. According to the majority's accurate statement of the facts, Hugh Daniel Ross received from the deceased $50.00 per month, or $600.00 per year. He received from the church for his services as janitor $16.67 per month, or $200.00 per year. He received from Joe J. Ross during the year ending with the date of deceased's death the sum of $344.59. So, when the facts are found in the light most favorable to claimant, the claimant received during the year the sum of $600.00 from deceased, and $544.59 from other sources. The fact that part of this sum received from Joe was paid for claimant's benefit rather than directly to him in cash is beside the point.

Now the statute prohibits claimant from being a dependent unless he is "wholly" dependent on deceased. He cannot be a dependent if he is only partially dependent. If the statute had only one class of beneficiaries designated as "dependents" I could agree with the majority, as I would very much like to do.

I am unable to understand how the contribution of deceased to claimant of $600.00 per year can be said to constitute the "whole" support of claimant and at the same time income of $544.59 from other sources is not a substantial part. The two sums are substantially equal,

yet the majority hold that one is all of the total, and the other is not a substantial part.

A large number of cases from other jurisdictions are cited in support of the decision. An equal number of cases from other jurisdictions could be cited to the contrary. We are not in need of authorities to interpret what is meant by "wholly dependent."

*Kyle* and *McElroy, JJ.,* join in this dissent.

RODGERS, J., Specially concurring:

I specially concur in the majority opinion and would like to point out that the Workmen's Compensation Law, Section 6998-02(12), Miss. Code 1942, uses the following language: " 'Brother' and 'sister' include * * * persons who, though eighteen (18) years of age or over, are wholly dependent upon the deceased employee and incapable of self-support * * *." The question therefore arises, who is supporting him? When it has been proven that an employee has heretofore regularly supported a brother or sister, the affirmative burden of proof is upon one who alleges that there is some other source the brother or sister of the employee can depend upon for a portion of his support.

The evidence that a dependent is receiving wages and money from other sources is permitted for the purpose of showing that there is some person or source on which the brother or sister can depend for a portion of his livelihood. It is obvious, therefore, that unless the testimony rises high enough to indicate that a dependent brother or sister of an employee can in fact depend on some other source for a portion of his support, not as a matter of caprice or occasional gratuities but a constant and continued support, evincing a course of action that would reasonably indicate that such other source may be depended upon for a portion of his livelihood, it could not be said that he was dependent on such source. In other words, before it can be said that a person is not

"wholly dependent" upon his brother who is supporting him it must be shown that there is some other source on which he can depend for a portion of his support.