BRADY, Justice:
This is a case which might have been affirmed per curiam.
The issues involved in this case are settled by the following cases: Reserve Life Ins. Co. v. Brunson, 252 Miss. 20, 172 So.2d 571 (1965); Union Bankers Ins. Co. v. May, 227 Miss. 881, 87 So.2d 264 (1956); Reliance Life Ins. Co. v. Cassity, 173 Miss. 840, 163 So. 508 (1935); New York Life Ins. Co. v. Bain, 169 Miss. 271, 152 So. 845 (1934); New York Life Ins. Co. v. Best, 157 Miss. 571, 128 So. 565 (1930) ; Equitable Life Assur. Soc. v. Serio, 155 Miss. 515, 124 So. 485 (1929) ; Provident Life & Acc. Ins. Co. v. Jemison, 153 Miss. 53, 120 So. 180 (1929); Metropolitan Cas. Ins. Co. v. Cato, 113 Miss. 283, 74 So. 114 (1917); Fuller v. Aetna Life Ins. Co., 259 F.2d 402 (5th Cir. 1958). See also Annot, 149 A.L.R. 40 (1944).
Appellant contends that the case of Prudence Life Insurance Company v. Wooley, 182 So.2d 393 (Miss.1966), is controlling and that under the ruling in the Wooley case an instruction granted the appellee was erroneous, and because of this instruction this case should be reversed.
We have carefully reviewed the facts as revealed by the record in this case, and this case is clearly distinguishable from the Wooley case, supra. In the case at bar the appellee was not qualified by education, training or experience to engage in any work other than that of an automobile mechanic, and therefore he was not qualified to engage in any other gainful job or occupation, such as a shop foreman, service manager or parts manager. The appellant’s assertion that he might possibly be so qualified is highly speculative and is contrary to the proof establishing appellee’s total disability.
While this man is not as yet confined completely to his bed, the ravages of this dread disease have totally incapacitated him from performing all of the substantial and material acts necessary to the prosecution of his own work or occupation, and the inevitable ultimate of this scourge will completely immobilize him in a rolling chair and on his bed. We find no reversible error *925 in this cause and the judgment is therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.