Lester **STACY**, Plaintiff,

v.

The **AETNA CASUALTY & SURETY COMPANY**, Defendant.

No. EC 7161–S.

United States District Court,
N. D. Mississippi, E. D.

Nov. 10, 1971.

---

William S. Lawson, Tupelo, Miss., for plaintiff.

W. P. Mitchell, of Mitchell, Rogers & Eskridge, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiff Lester Stacy on March 24, 1971 instituted this third-party-liability action against The Aetna Casualty and Surety Company (Aetna), the Workmen's Compensation Insurance carrier of his employer, Purnell's Pride, Inc. (Purnell), alleging that Aetna's negligence in failing to properly inspect Purnell's premises resulted in injury to him.

The action is presently before the court on Aetna's motion for summary judgment. Aetna contends that plaintiff's sole and exclusive remedy is under the Mississippi Workmen's Compensation Law.[1]

Plaintiff was severely injured on December 3, 1970, while employed by Purnell, at its processing plant in Tupelo, Mississippi. Aetna had maintained the Workmen's Compensation liability insurance coverage for Purnell, and prior to plaintiff's accident had made safety inspections of the plant on a monthly basis. Plaintiff filed his claim against Aetna and Purnell for compensation benefits under the Workmen's Compensation Law. Aetna has paid and is continuing to pay plaintiff benefits available to him under such law.

On the motion for summary judgment, pursuant to Rule 56 F.R.Civ.P., the court must determine whether there exists a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law.

The question presented is whether the Mississippi Workmen's Compensation Law deprives plaintiff of his right to proceed at common law against a third party for alleged negligent acts resulting in his injury, when the third party is his employer's Workmen's Compensation insurance carrier.

The court in this diversity action is bound to follow Mississippi law.[2] This question, however, has not been submitted to and decided by the Supreme Court of Mississippi. The court must therefore decide the question as the court may determine that the Mississippi Supreme Court would decide the question should that court have the opportunity to do so.

Courts from several other state jurisdictions have passed upon the question involved here; however, many of those decisions are of little significance to this court since the interpretation of that particular state's Workmen's Compensation Law was in issue. The problem is wholly one of statutory construction and therefore the court must examine and construe the provisions of the Mississippi Act.

The pertinent statutes involved are Miss.Code Ann., Section 6998–02, dealing with "definitions", Section 6998–36, dealing with "third-party liability", and Section 6998–05, the "exclusiveness of liability" provision. Section 6998–36 provides in part:

> "The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such

1. Miss. Code Ann. §§ 6998–01 to 6998–59 (1952).

2. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

action (after deducting the reasonable costs of collection) as hereinafter provided."

Section 6998–05 provides in part:

"The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death. . . ."

Section 6998–02 contains the definitions of "employer" and "carrier".

"(5) 'Employer' except when otherwise expressly stated, includes a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation".

"(6) 'Carrier' means any person authorized in accordance with the provisions of this act to insure under this act and includes self-insurers".

Aetna contends that Section 6998–36 precludes plaintiff from bringing this action. It contends that the words "employer or insurer" used in the same sentence with the words "any other party" mean that the compensation insurer cannot be "any other party" and therefore a third-party liability suit cannot be brought against a compensation insurer.

Aetna further contends that the legislative intent was to merge the identities of employer and carrier and that the term "employer" in Section 6998–05 includes "carrier".

Section 6998–39 [3] requires that a carrier shall be substituted for the employer in matters pertaining to Workmen's Compensation claims regarding such things as notice of claims, jurisdiction, and enforcement of judgments. Section 6998–23 [4] entitles a compensation claimant to a lien against the assets of the carrier as well as those of an employer for compensation benefits. Aetna contends that the merging of identities of employer and carrier by the imposition of such duties likewise creates the right of the compensation carrier to be afforded similar rights to that of the employer and to be immune from suits such as the one now before the court.

In interpreting the Mississippi Workmen's Compensation Law the court must consider the well recognized principle of law that such statutes are enacted in derogation of the common law and are to be strictly construed. They are not to be understood as effecting any change in the common law beyond that which is clearly indicated and cannot be extended by implication.[5]

Further the Mississippi Supreme Court has held that the Workmen's Compensation Law must be liberally construed.[6]

---

3. Section 6998–39 provides, in part: "In any case where the employer is not a self-insurer, in order that the liability for compensation imposed by this act may be most effectively discharged by the employer, and in order that the administration of this act in respect of such liability may be facilitated, the commission shall by regulation provide for the discharge, by the carrier for such employer, of such obligations and duties of the employer in respect of such liability, imposed by this act upon the employer, as it considers proper in order to effectuate the provisions of this act".

4. Section 6998–23 provides, in part: "Any person entitled to compensation under the provisions of this act shall have lien against the assets of the carrier or em-

ployer for such compensation without limit of amount, . . .."

5. Quick Shops of Mississippi, Inc. v. Bruce, 232 So.2d 351 (Miss.1970); Mississippi Milk Commission v. Winn-Dixie Louisiana, Inc., 235 So.2d 684 (Miss. 1970).

6. Ross v. Ross, 240 Miss. 84, 126 So.2d 512 (1961); Employers Liability Insurance Co. v. Haltom, 235 Miss. 74, 108 So.2d 29 (1959); Jackson v. Bailey, 234 Miss. 697, 107 So.2d 593 (1958); Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 48 So.2d 148, 53 So.2d 69 (1950).

In 1960 an amendment to Section 6998–01 added the statement that the Workmen's Compensation Law should be "fairly construed". However, in L. B. Pries-

■ Therefore it appears to the court that plaintiff is entitled to any common-law right which the Mississippi Compensation Law does not expressly take away. If the plaintiff's common-law remedy against Aetna has been legislated away, it is because the term "employer" as used in Section 6998–05 includes "insurer".

■■ Aetna cites Index Drilling Co. v. Williams, 242 Miss. 775, 137 So.2d 525 (1962), as supporting its contention that the identities of employer and insurer are merged. The Mississippi Supreme Court, while finding a corporation related to the employer liable as a third-party tort-feasor, discussed the limitation of liability under Sections 6998–36 and 6998–05.

"In short, under Sec. 30 [Code Sec. 6998–36] acceptance of compensation benefits from an employer does not affect the employee's right 'to sue any other party at law for such injury or death'. The immunity from all liability except compensation benefits *applies only to the employer and insurer.* Tort liability remains as to 'any other party'. Section 5 of the Act (Code Sec. 6998–05) states that the *liability 'of an employer* to pay compensation shall be exclusive'. The limitation of liability and immunity from tort liability *applies only to an employer.*" [7] (Emphasis supplied).

"Section 30 of the Workmen's Compensation Act preserves a Compensation claimant's right of action against 'any other party at law' *except the employer or insurer.* Immunity from tort liability is confined by Sec. 5 *to the employer.* . . . The Mississippi Workmen's Compensation Act limits the immunity from tort liability *to the employer and carrier.* . . . The present statutes confine immunity from tort liability *to the claimant's employer.*" [8] (Emphasis supplied).

The Mississippi Supreme Court merely restated the wording of the Mississippi Workmen's Compensation Law which in some instances mentions "employer or insurer" and in other instances only "employer". The court did not have before it for consideration the question presented in the action sub judice, and used the term "employer or insurer" almost interchangeably with the term "employer". The question of whether an insurer is insulated under the provisions of the Act from the claim of an employee of its insured for damages resulting from the insurer's own negligence, was not at issue in *Index,* and the court gave no consideration to what effect its decision might have on such an issue. It is evident that *Index* is not controlling on the issue here.

In order for Aetna to sustain its claim of immunity under the Act, it appears that the conclusion must be reached that the term "employer" includes the insurer.

In Robertson v. Stroup, 254 Miss. 118, 180 So.2d 617 (1965) the Mississippi Supreme Court after citing Sections 6998–05 and 6998–36 stated:

"The words 'employer' and 'employee' as used in the Mississippi Workmen's Compensation Act are synonymous with the words 'master' and 'servant', and the rules for the determination of the existence of the relation of employer and employee are the same rules as at common law for determination of the relationship of master and servant." [9]

This interpretation leads the court to the conclusion that for Aetna to be immune from tort liability under the Act, it must be shown that Aetna is to be considered as the employer of plaintiff.

ter & Sons, Inc. v. Dependents of Bynum, 244 Miss., 185, 137 So.2d 907, 141 So.2d 246, 142 So.2d 30 (1962), it was held that the amendment was not indicative of any ascertainable or judicially determinable intent and did not abrogate the rule of liberal construction.

7. 137 So.2d at 528.

8. Id. at 528–529.

9. 180 So.2d at 619.

As stated previously, there are cases from other jurisdictions which have decided the issue involved here. However, in many of these cases the statutory backgrounds vary so widely that no meaningful comparison can be made. The following cases did involve compensation acts which are similar to the Mississippi Act.

In one of the first of these cases, Smith v. American Employers Insurance Company, 102 N.H. 530, 163 A.2d 564 (1960), plaintiff sued defendant insurer, who had conducted monthly inspection of the employer's plant including the tank which exploded causing plaintiff's injuries. Defendant had paid to plaintiff the benefits due her under the policy of Workmen's Compensation Insurance.

The New Hampshire court interpreted the language in its compensation act allowing an employee to bring suit against "some person other than the employer", to include the defendant insurance company. The court found no legislative intent to abrogate the common-law remedy against the insurance company. The decision was shortly afterward overruled by statutory amendment.[10]

In Mays v. Liberty Mutual Insurance Co., 323 F.2d 174 (3rd Cir. 1963), a compensation carrier claimed immunity from suit as a third-party tort-feasor because the Pennsylvania Compensation Act in some instances employed the alternative phrase "employer or insurer". The statutory definition of "employer" however, similar in many respects to the Mississippi Act, made no mention of the insurer. The court held that the employer's immunity was not applicable to the compensation carrier. The *Mays* holding has been vitiated by subsequent legislation.[11]

In Nelson v. Union Wire Rope Company, 31 Ill.2d 69, 199 N.E.2d 769

(1964), it became necessary for the Supreme Court of Illinois to construe the Workmen's Compensation Act of Florida. The court, after recognizing that the employer and carrier were mentioned together at some points in the Act, stated:

"Similarly, the use of the word 'employer' in some sections of the Act, while using the words 'employer, or his insurer' in others, has significance under the rules of construction which state that words employed are to be given their plain meanings, and that the use by the legislature of certain language in one instance and wholly different language in another indicates that different results were intended. Had it been the legislative intent that all rights, duties and liabilities of the employer and his insurer were to be equated, particularly as to the matter of exclusive liability, it would not have mentioned the insurer as an alternate in some sections, while failing to mention it in others".[12]

In the recent case of Beasley v. MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844 (1971), plaintiff, as in the present case, sued the compensation carrier on the basis of negligently performing safety inspections. Title 26, § 262 (d) of the Code of Alabama provided:

"The term 'employer' . . . shall if the employer is insured, include his insurer as far as applicable."

Section 272, the exclusive remedy section, stated:

"[N]o employer included within the terms of this chapter, shall be held civilly liable for any personal injury to or death of any workman due to accident while engaged in the service or business of the employer. . . .."

The Alabama court held that the term "employer" in the exclusive remedy section did not include the insurer.

---

10. N.H. Rev.Stat.Ann. § 281:2 (1966), provides "[e]xcept where the context specifically indicates otherwise, the term 'employer' shall be deemed to include the employer's insurance carrier".

11. Pa.Stat.Ann.Tit. 77 § 501 (1967):

"Such insurer shall assume the employer's liability hereunder and shall be entitled to all of the employer's immunities and protection hereunder. . . ."

12. 199 N.E.2d at 786.

Among the decisions which hold the insurance carrier immune from liability, Aetna relies upon Kerner v. Employers Mutual Liability Ins. Co., 35 Wis.2d 391, 151 N.W.2d 72 (1967) and Horne v. Security Mutual Casualty Co., 265 F.Supp. 379 (E.D.Ark.1967). These cases involve statutes similar to the Mississippi section authorizing third-party suits.

In *Kerner* the carrier was held immune. However, the Wisconsin statute, in addition to its "third party liability" section, included the following in its "exclusiveness of liability" section.

"[T]he right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the workmen's compensation insurance carrier." [13]

The Wisconsin act here specifically names the carrier as being immune, in contrast to the comparable Mississippi Section 6998–05 which mentions only the employer.

In *Horne* the carrier was also held immune from liability. Here, however, the factual situation was different in that the carrier had made no inspection of any kind. The court noted after citing several cases which held carriers liable:

"It is apparent that there is one factual difference between all of these cases and the one at bar—in all of the cases which have allowed the maintenance of an action against the carrier, safety inspections had actually been made by the carrier." [14]

For a compilation of cases involving the right of an employee to maintain a common-law action for negligence against the Workmen's Compensation insurance carrier see 93 A.L.R.2d 598 (1964). See also Larson, The Law of Workmen's Compensation, § 72.90 (1970). It should be noted as set forth in Larson that in several instances Legislatures have reversed courts which have held carriers to be liable.

The court feels, as did the Illinois court in *Nelson, supra,* that the alternative use of "employer or insurer" in some sections of the Mississippi Act and the use of "employer" alone in other sections indicates that different results were intended.

As to Aetna's contention that Sections 6998–36 and 6998–23 are evidence of a legislative intent to merge the identities of employer and carrier so as to afford the carrier similar rights to that of the employer, the court believes that those sections clearly limit the right of "merged identities" to matters of compensation payments and go no further than that. Such limited substitutions as appear in these sections for procedural purposes cannot be construed as taking away an employee's common-law action against a third-party tort-feasor.

Nowhere in the Mississippi Act is it stated that the words "employer" and "insurer" are interchangeable. There are separate definitions for "employer" and "carrier". The definition of "employer" in the Mississippi Act does not include insurer or carrier. The court feels that had there been a legislative intent to equate the employer and its insurance carrier for all purposes under the Act, the definition of these terms would have so stated.

Nowhere does the Mississippi Act provide that Workmen's Compensation benefits shall be the exclusive remedy against the employer's carrier, and for the court to read that provision into the Act would be to ignore the well-established rule that common-law rights are preserved unless it is clear that the Legislature intended to take away such rights.

The Mississippi Workmen's Compensation Law does not condition an employer's liability upon a negligent act or omission, but provides instead that "Compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of and in the course of employment, without regard to fault as to the cause of the

---

13. Wis.Stat.Ann. § 102.03(2).

14. 265 F.Supp. at 385.

injury or occupational disease".[15] The employer can be a self-insurer, or may insure payment of compensation benefits with an insurance carrier.[16] As regards claims for compensation benefits under the Act, the carrier assumes the liability of the employer. In the action sub judice plaintiff seeks to compel Aetna to respond in damages for its own negligence, not that of the employer.

The court concludes that Aetna does not enjoy immunity from plaintiff's suit in this action.

Accordingly, an order will be entered overruling defendant's motion for a summary judgment.

---

15. Miss.Code, Ann. § 6998–04 (Supp. 1971).

16. Miss.Code, Ann. 6998–38 (1953).