**BUCHANAN v. HART. (No. 1014.)**

(Court of Civil Appeals of Texas. Beaumont. April 26, 1923.)

1. **Holidays** ⬅⬆5—Service of citation not void because made on legal holiday.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1816, as amended by Acts 36th Leg. (1919) c. 99, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 1816), the service of a citation was not void because made on a legal holiday.

2. **Dismissal and nonsuit** ⬅⬆47—Dismissal as to nonresident defendant not error as to co-defendant in action for breach of joint and several contract.

In an action for the breach of a joint and several contract, the action of the court in dismissing the case as to a defendant who was a nonresident *held* not error as to codefendant, since jurisdiction could not have been obtained over such defendant by personal service.

---

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Nacogdoches County Court; A. F. Russell, Judge.

Suit by Max W. Hart against J. H. Buchanan and another. From an order denying his application for a temporary injunction, the named defendant appeals. Affirmed.

Hodges & Greve, of Nacogdoches, for appellant.

S. W. Blount, of Nacogdoches, for appellee.

WALKER, J. This is an appeal from an order denying appellant a temporary injunction. Appellant alleged that he and his brother, who was a nonresident of the state, were sued for damages by appellee for the breach of a joint and several contract. Appellant was duly served with citation, but wholly made default. His brother was not served. He further alleged a meritorious defense to plaintiff's cause of action, but offered no excuse whatever for not presenting his defense when the case was called for trial, saying only that between him and his brother he was a surety and was expecting the plaintiff to serve his brother, and that, had his brother been served, he would have defended the case. He further alleged that the judgment was void because he was served on a legal holiday, and because when the case was called for trial plaintiff dismissed as to his brother and took judgment against him, and that his brother had property in the county where the suit was pending of sufficient value to pay any judgment that could have been rendered on appellee's cause of action.

Neither proposition advanced by appellant can be sustained:

[1] (1) Because appellant was not served on a legal holiday, but, if he had been, article 1816, Vernon's Sayles' Civil Statutes, 1914, "No civil suit shall be commenced, nor shall any process be issued or served, on Sunday or on any legal holiday, except in cases of injunction, attachment, garnishment, sequestration or distress proceeding," on which he relies, was amended by the 36th Legislature (see Acts Leg. c. 99, p. 157, § 1 [Vernon's Ann. Civ. St. Supp. 1922, Art. 1816]) by eliminating the words "or on any legal holiday." So the service of citation on a legal holiday is not now prohibited by statute. In Crabtree v. Whiteselle, 65 Tex. 111, our Supreme Court said:

"Holidays * * * have only the sanctity attached to them by statute. * * * The courts may hold and all business may be transacted, except what is positively forbidden. H. E. & W. T. Ry. Co. v. W. O. Harding, 63 Tex. 162."

[2] (2) As his brother was a nonresident of the state, jurisdiction could not have been obtained over him by personal service, and therefore no error was committed in dismissing him from the suit.

The order of the trial judge denying the temporary injunction is affirmed.