AMERICAN LIFE INS. CO. *v.* BYRD, et al.

Division B. Nov. 20, 1950.

No. 37587 (48 So. (2d) 614)

**T. Horton Hillman,** for appellant.

**O. F. & J. O. Moss**, for appellees.

**Arrington, C.**

The appellee, Ellis (Chif) Byrd, brought suit against the American Life Insurance Company, the appellant, under an employees' group insurance policy, to recover

benefits alleged to be due in the amount of $680.00, and additional hospital benefits in the amount of $25.00, a total of $705.00. At the conclusion of the evidence, the court granted the appellee a peremptory instruction for the amount sued for. The appellant's defense in the lower court was that the appellee was not totally disabled under the provisions of the policy, and that he did not comply with the terms of the policy in that he was not attended at least each seven days by a physician or surgeon, and that appellee did not make due proof of his injury according to the terms of the policy.

The main provision upon which this suit is based is under Section 3 "Accidental Disability Indemnity", paragraph (a) of the group insurance policy, which reads as follows: "Total Disability: The Company will pay at the Accident Indemnity Rate for the period, less the first three days and not exceeding twenty-four months, that an employee insured hereunder is, commencing within thirty days after date of accident, necessarily, wholly and continuously disabled and prevented solely by 'such injury' from performing each and every duty pertaining to his business or occupation and is under the care of and attended at least once in each seven days by a legally qualified physician or surgeon."

The undisputed evidence shows that while the policy was in full force and effect, the appellee was seriously injured in an automobile wreck; that as a result thereof he was unconscious for a period of three days; that his right collarbone was broken, his left elbow crushed, his left knee fractured, his right ankle broken, all the flesh on his left leg cut away from knee to ankle on one side, and that in addition to these injuries he received other wounds, contusions, and abrasions. The appellee's occupation was logging, and there was some evidence in the record that he attempted to work but was unable to do so on account of his physical condition. One of the doctors testified in behalf of the appellee that he was

physically unable to perform his duties due to his injuries. This evidence was not contradicted.

In the case of Mutual Benefit Health & Accident Association v. Mathis, 169 Miss. 187, 142 So. 494, 496, this Court said: "It is settled doctrine in this state that, in order for one to be totally disabled within the meaning of a health or accident insurance policy, it is not necessary that he be wholly incapacitated to perform any duty incident to his usual employment or business, but, if the insured is prevented by his injury or illness from doing the substantial acts required of him in his business, or if his physical condition is such that, in order to effect a cure or prolongation of life, common care and prudence require that he cease all work, he is totally disabled within the meaning of such policies. Metropolitan Casualty Ins. Co. v. Cato, 113 Miss. 283, 74 So. 114; Equitable Life Assur. Soc. v. Serio, 155 Miss. 515, 124 So. 485, 486; Metropolitan Life Insurance Co. v. Lambert, 157 Miss. 759, 128 So. 750, 752."

The appellant contends that the appellee was not attended at least once in each seven days by a legally qualified physician or surgeon. The evidence shows, however, without contradiction, that the appellee was attended by six physicians over a period of time for his injuries, and his testimony was to the effect that he had been treated by a physician every week. This provision of the policy is not controlling in cases of total permanent disability. In the case of American Bankers' Ins. Co. v. White, 171 Miss. 677, 158 So. 346, 349, the Court quoted with approval from the Cyc. of Ins. Law, vol. 7, sec. 1679, the following: "So, a provision in an accident insurance policy providing indemnity for both partial and total permanent disability, that no indemnity shall be payable unless the insured be regularly attended by a qualified physician, at least once in each seven days during the time for which claim is made, applies only to provisions for partial disability, and not to those providing indemnity for total permanent disability, since it

would be unreasonable to assume that such a medical attention could have been contemplated. And, even when applicable, such a provision merely requires a substantial compliance, a slight variance of a day, or even a few days from week to week, not being sufficient to effect a material noncompliance.'' To the same effect is the case of North American Accident Ins. Co. v. Henderson, 180 Miss. 395, 177 So. 528.

The evidence on the part of the appellee and the appellant was without contradiction that due proof of appellee's injuries was given to the appellant Insurance Company. The insurance agent, who was introduced by appellant, testified that he mailed due proof of loss to the Insurance Company, also that he wrote the Insurance Company a letter with reference to appellee's continued permanent disability. The evidence also shows, and it is admitted by the appellant, that the appellee was paid $75.00 for hospital benefits and $132.00 for sixty-six days total disability, and that after making these payments the appellant refused to make further payments. The appellant contends that it is not liable for the reason that due proof was not made in accordance with Section 9 of the insurance policy. This provision is as follows: ''When Indemnity Payable— Indemnity for loss of time is payable each fourteen days upon receipt of due proof. Indemnity for loss due to hospital confinement is payable thirty days after receipt of due proof. Indemnity for loss of life or dismemberment is payable sixty days after receipt of due proof.''

Appellant contends that because of appellee's failure to furnish proof of loss each fourteen days he forfeited to the Company all right to any indemnity under Section 13 of the policy, which provides in part: ''. . . Compliance with all the provisions and requirements of this policy is a condition precedent to recovery hereunder, and failure in this respect shall forfeit to the Company all right to any indemnity.'' It is our opinion that there is no merit in this contention for the

reason that Section 9 is headed "When Indemnity Payable" and plainly says that indemnity for loss of time is payable each fourteen days upon receipt of due proof. ██ █ This provision means that when due proof is made, the payments will be paid each fourteen days during permanent disability, and not that proof must be made every fourteen days.

The controlling facts are undisputed. Therefore, the directed verdict was proper, and the judgment of the lower court will be affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.