## WOLFF *v.* MAUCELI, et al.

No. 41242          October 19, 1959          114 So. 2d 845

January 11, 1960                              117 So. 2d 332

*J. David Orlansky,* Greenville, for appellant.

*Philip Mansour,* Greenville, for appellees.

HOLMES, J.

Appellant sued the appellees in the County Court of Washington County for rent in the sum of $1650 alleged to be due and owing and to have accrued under a lease agreement entered into between the parties. The lease agreement was in writing. Under the provisions thereof, the appellant leased to the appellees certain real and personal property in the City of Greenville, Mississippi, for a term of three years, beginning June 1, 1955, at a rental of $150 per month, payable monthly in advance. The lease obligated the lessor to maintain the roof on the leased building in a tight and dry condition during the term of the lease, and to maintain the walls of said

building during said period in good, sound structural condition, and imposed upon the lessees the obligation to make at their own expense all other repairs becoming necessary during the term of the lease.

The declaration alleged that the appellees had made default in the payment of the rent accruing for the last eleven months of the lease term amounting to $1650, and had failed to pay the same although demand had been made upon them therefor. The declaration accordingly demanded judgment of the appellees for $1650 with six percent interest from the due date of each monthly rental.

The appellees answered admitting the non-payment of the monthly rentals for the last eleven months of the lease term, but denying that they were indebted therefor, and set up the following affirmative defenses: (1) That they surrendered the leased premises to the appellant in June 1957, and that the appellant accepted such surrender and thus terminated the lease; (2) that the appellant breached the lease agreement by failing to fulfill his obligation thereunder to maintain a tight and dry roof on the leased building, and thereby released the appellees from any obligation under the lease.

The trial of the case resulted in a jury verdict for the plaintiff, appellant here, in the sum of $508 and costs, and judgment was entered accordingly.

The appellant made a motion to correct the verdict and judgment so as to award the appellant $1650 upon the ground that since the jury had determined the issue of liability favorably to the appellant they could not under the undisputed evidence make an award in an amount other than $1650. This motion was overruled.

The appellant then made a motion to set the judgment aside and to grant him a new trial on the issue of the amount of recovery only upon the ground that there was no evidence to support the amount of the jury's award. This motion was likewise overruled.

The appellees made a motion for a new trial upon the grounds that the court erred in denying their request for a directed verdict and that the verdict of the jury is contrary to the overwhelming weight of the evidence. This motion was also overruled.

From the rulings adverse to the appellant, he appealed to the circuit court. There was no cross-appeal by the appellees. The circuit court affirmed the judgment of the county court and from this judgment of the circuit court, the appellant prosecutes this appeal.

The appellant contends that the trial court erred in overruling his motion to correct the verdict and judgment so as to award the appellant $1650, and further erred in overruling the appellant's motion to set the judgment aside and to grant the appellant a new trial on the issue of the amount of the recovery only upon the ground that there was no evidence to support the amount of the jury's award. A brief statement of the facts as disclosed by the evidence is necessary to a proper understanding of the conclusions which we have reached.

The material facts are not in substantial dispute. The appellees admit the leasing of the property and the terms and provisions of the lease, and the fact that they paid none of the rentals for the last eleven months of the lease. The proof shows that upon leasing the property the appellant furnished the appellees with a key to the premises and that they entered into the possession thereof and occupied the same as a restaurant until about the first week in May 1957 when they closed their restaurant business; that they paid the rent through June 1957; that on closing their restaurant business they placed a sign on the door advertising the property for rent and giving the telephone number of the appellee, Frank Mauceli; that thereafter the appellees subrented the building to one Ralph Levy for two or three months to store furniture in, and furnished Levy with the key to

the building; that Levy retained the key to the building throughout the remaining term of the lease, and that appellees left the "for rent" sign on the door throughout the remaining term of the lease, and also throughout said remaining term left his neon signs on the building and his airconditioner in the building. The appellees never returned to the appellant the key to the building throughout the remaining term of the lease. All this was admitted by the appellee, Frank Mauceli, although he testified that he surrendered the leased premises upon closing his restaurant business.

The proof further shows that the appellees complained to the appellant on only two occasions with reference to leaks in the roof, and that on each occasion the appellant sent a roofing man to repair the leaks. While the appellee, Frank Mauceli, said that the repairs were not satisfactorily made, he admits that he made no further complaints with reference to leaks in the roof of the building.

It was testified by Ralph Levy that acting on authority of the appellant he sold some of the leased personal property in the building for $180 and turned this money over to the appellant. The appellant denied that he authorized Levy to sell the personal property, but admitted he was paid the proceeds thereof in the amount of $180, and that he accepted the same, manifestly to be credited on the delinquent account.

There was evidence that prospective tenants applied to Mauceli to rent the property and that Mauceli referred those applying to the appellant, but that no satisfactory agreement could be reached with any of those applying.

In the face of this evidence, it is contended by the appellees that on closing their restaurant business they surrendered the leased premises to the appellant and that the appellant accepted the same, and that, therefore, their request for a directed verdict should have

been granted. We think this contention is wholly unsupported by the evidence and that the trial court was correct in denying the request of the appellees for a directed verdict.

But the appellees say that the appellant breached the lease by failing to fulfill his obligations to keep the roof on the building in a tight and dry condition. The appellee, Frank Mauceli, admits, however, that he only notified the appellant twice that the roof leaked and that each time the appellant sent a roofing man to fix the roof and that he made no further complaint. It is well settled under the authorities that where a landlord is obligated to make repairs during the term, actual or constructive notice of the need of repairs is necessary to put him in default of his obligation. The rule is well stated in 51 C. J. S., Landlord and Tenant, Section 371, page 1110, as follows: "Where a landlord is obligated to make repairs during the term, actual or constructive notice of the need for repair is necessary to put him in default on his obligation. . . ." We are of the opinion, therefore, that this contention of the appellees cannot be successfully maintained.

It is contended by the appellant on this appeal that the court erred in denying his motion to correct the verdict and judgment so as to award the appellant $1650 upon the ground that since the jury had determined the issue of liability favorably to the appellant, they could not under the undisputed evidence make an award other than in the amount of $1650. This contention must be rejected for two reasons. In the first place, the amount of rent due, as shown by the undisputed evidence, was $1650 less a credit of $180 received by the appellant as the proceeds of personal property sold, or the net sum of $1470. In the second place, the appellant made no request for a peremptory instruction as to the amount of recovery, and it is well settled under the decisions of this Court that where there is no dispute as to the

amount of the verdict to be returned by the jury in the event the jury should find for the plaintiff on the issue of liability, the appellate court will not render judgment for such amount where the plaintiff has not requested a peremptory instruction as to the amount of recovery, but will affirm the judgment as to liability and reverse and remand the cause for trial only on the amount of recovery. Henry v. R. R. Elkin, Jr., and Company, 156 Miss. 136, 125 So. 545; Garrett v. Pigford, Substituted Trustee, 218 Miss. 840, 67 So. 2d 885.

There is no proof whatever in this record to support the jury's award of $508. We are of the opinion, therefore, that the appellant's motion for a new trial on the issue of the amount of recovery only should have been sustained and that the circuit court was in error in not affirming the judgment of the county court as to liability and reversing and remanding the cause for trial only on the issue of the amount of recovery. Accordingly, the judgment of the court below as to liability is affirmed and the cause is reversed and remanded for trial on the issue of the amount of recovery only.

Affirmed as to liability, and reversed and remanded for trial on the issue of the amount of recovery only.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.

## ON MOTION TO CORRECT JUDGMENT

HOLMES, J.

This is a motion of the appellant to correct as to the assessment of costs the judgment heretofore entered in this cause on the 19th day of October, 1959.

The appellant sued the appellee in the County Court of Washington County to enforce a demand for rent in the sum of $1650. He recovered a judgment in the sum of $508. The appellant, being dissatisfied with the amount of the recovery, prosecuted an appeal to the circuit court seeking a new trial on the issue of the

amount of recovery only. The circuit court affirmed the judgment of the county court and thereupon the appellant prosecuted an appeal to this Court seeking a new trial on the question of the amount of recovery only. This court reversed the judgment of the circuit court insofar as it denied to the appellant a new trial on the question of the amount of recovery and remanded the cause for trial on the issue of the amount of recovery only. The judgment rendered in this Court on October 19, 1959, ordered and adjudged that the appellant should have and recover of the appellees the costs of the appeal to this Court.

▆▆ ▆ The appellant avers in his motion that since the judgment of the Circuit Court of Washington County was reversed insofar as it denied to appellant a new trial on the question of the question of the amount of recovery only, the appellant is entitled to recover of the appellees all costs incurred both in the circuit court and in this Court. We think this position of the appellant is well founded, and that the motion to correct the judgment as to costs should be sustained. Section 1579 of Volume 2 Recompiled of the Mississippi Code of 1942 provides that the successful party generally is entitled to recover costs. As the result of the decision in this Court, the appellant is the successful party and is therefore entitled to recover of the appellees the costs incurred both in the circuit court and in the Supreme Court. We are accordingly of the opinion that the motion of the appellant to correct the judgment as to costs should be and it is sustained, and the appellees are taxed with all of the costs incurred both in the circuit court and in this Court.

Motion to correct judgment sustained.

All Justices concur.