BEDWELL *v.* AUTOMOBILE OWNERS ASSOCIATION INSURANCE Co.

No. 41666          February 27, 1961          127 So. 2d 432

*Henry E. Pope,* Columbia, for appellant.

*R. H. Dale, Sr., Sebe Dale, Jr.,* Columbia, for appellee.

Rodgers, J.

This suit was instituted in the Circuit Court of Marion County to recover from the appellee, the Automobile Owners Association Insurance Company, on a contract of insurance issued to the appellant under date of June 19, 1958, $150.00 per month for a period of six months. It is alleged that appellant was wholly and continuously disabled and prevented from doing any and every duty pertaining to her business of profession as the result of said injury while the appellant was riding in an automobile. The appellant offered evidence to establish her

claim. When she had rested her case, the Insurance Company rested without introducing any evidence. The court granted the defendant Insurance Company an instruction directing the "jury to find for the defendant." The plaintiff, appellant here, did not request a directed verdict; in fact, none of the appellant's instructions were marked "refused". The circuit Judge then granted a judgment for the defendant Insurance Company.

We have reached the conclusion that this case must be reversed, and will therefore refrain from developing the facts introduced in evidence. We are of the opinion that the plaintiff below, appellant here, made out a prima facie case, and under the state of the record at that point, the insurer was bound to rebut the testimony offered by appellant. 29A Am. Jur., Insurance, Section 1941, page 995.

The pertinent provisions of the policy sued upon are: First, the insurance clause, identified as Part One of the policy appearing on the first page thereof, is as follows: "Against loss from accidental bodily injury sustained while driving or riding within any automobile, truck or bus for business or pleasure during the term of this policy, provided such bodily injuries are caused solely by reason of an automobile, truck or bus accident."

And second, the clause which appears as Part Three of said policy, on page 1, being captioned Total Confinement Benefits for Life—Automobile Accidents, and which reads as follows: "If 'Such Injury' as described in the insuring clause, and not hereinafter excepted or for which indemnity is provided in Part Two shall immediately after accident wholly and continuously disable and prevent the insured from performing any and every duty pertaining to any business or occupation, and as the result thereof is thereby necessarily confined within doors and requires regular visits therein by a legally licensed medical or osteopathic physician or surgeon, the

Company will pay for any one accident an indemnity for one day or more at the rate of One Hundred Fifty Dollars ($150.00) per month, payments to be made periodically at weekly intervals; such weekly indemnity to be computed at one fourth of the monthly indemnity with payments to continue even for life, so long as such disability and confinement continues."

The appellee says in its brief: "The issue of the case is simply one of whether the alleged accident and alleged injury sustained thereby are shown to be such as to come within the insuring and compensating provisions of the policy sued upon."

There can be little question from the evidence that the accident and injury was sustained while the insured was "riding within an automobile" and "such bodily injuries" were "caused solely by reason of an automobile accident". We move therefore to the real question at issue, that is to say: Was the appellant "immediately after the accident wholly and continuously disabled" and prevented "from performing any and every duty pertaining to any business or occupation, and as a result thereof is thereby necessarily confined within doors and requires regular visits therein by a legally licensed medical or osteopathic physician"?

The testimony of the appellant showed that she was confined within doors, most of the time on her bed, and was wholly incapacitated, with the exception that she visited her doctor, at his direction, for treatment, and sometimes got out to go in the drug store, or grocery store, on her way back home. It is said she might have gone out in the yard on one or two occasions, because her doctor required her to exercise as a part of her treatment. Does this activity preclude and prevent her recovery under the terms of the policy? We think not.

In Appleman's Insurance Law and Practice, Vol. 1, page 822, it is said: "It is sufficient for the insured to call at the doctor's office, rather than having him call

at the home, regardless of the requirement that the insured be 'attended in his home'." Citing, Mutual Benefit Health & Accident Ass'n. v. Bunting, 1938, 133 Fla. 646, 183 So. 321. Again, Section 653, page 811 of the same book, says: "The mere fact that the insured goes to the office of his attending physician for treatment and consultation, although this requires him to be physically outside his house, has been held not to constitute a breach of the requirement that the insured be continuously confined within his house. This is particularly true where the policy requires the consultation with or attendance by a physician. The theory is, as previously indicated, that it is the character and extent of the illness which is important rather than an exact limitation on the insured's activity.

"The courts have gone rather far in this respect, permitting recovery even where the insured has traveled long distances for medical advice and treatment.

"A similar result has usually obtained where the insured leaves the house occasionally for a short walk, this usually being shown to be for the purpose of obtaining sunshine and fresh air at the direction of the attending physician. It need not necessarily be shown, however, that such short excursions were for the purpose of benefiting health."

We find a good brief of cases listed in Old Volume 29 Am. Jur., page 883, Section 1171, which is as follows: "While some courts have given a literal construction to a requirement that the insured be confined to the house, most courts have adopted the view that the provisions of a health or accident policy requiring the insured to be confined to the house do not have to be literally complied with in order to entitle the insured to indemnity. According to these courts, a person may be totally incapacitated and confined to his house within the meaning of a policy although he takes some exercise outdoors or visits his physician, provided he is entirely incapacitated

for work or business on account of his injury or illness. It is also generally held or recognized that confinement at a hospital or sanitarium is confinement within a house within the meaning of such a provision.'' There are many cases cited under this section, and among them is the Mississippi case of American Life & Accident Insurance Co. v. Nirdlinger, 113 Miss. 74, 73 So. 875, in which this Court held: ''A policy providing for indemnity during the time insured is confined to his house by illness entitled him to indemnity, though he leaves the house under his physician's orders for the purpose of improving his health.'' In this case under the facts, however it was shown that the insured visited his store every day, and was not under the evidence continuously confined within the house.

It is the general rule that, a person may be totally, or temporarily incapacitated and confined to his house within the meaning of accident and health policies, although he takes some exercise outdoors or visits his physician, provided he is entirely incapacitated for work or business on account of his illness or injury. American Life Insurance Co. v. Byrd, 210 Miss. 50, 48 So. 2d 614; Metropolitan Life Ins. Co. v. Lambert, 157 Miss. 759, 128 So. 750; New York Life Ins. Co. v. Best, 157 Miss. 571, 128 So. 565; Equitable Life Assur. Soc. v. Serio, (Miss.) 124 So. 485; American Bankers Ins. Co. v. White, 171 Miss. 677, 158 So. 346; Bankston v. Mutual Benefit Health & Accident Ass'n., (La.) 24 So. 2d 59. This point has been annotated, and may be found in 49 A. L. R. 960.

In the case of World Insurance Co. v. McKenzie, 212 Miss. 809, 55 So. 2d 462, the Court quoted from the Nirdlinger case, supra, and called attention to a strained construction of the contract requiring the attendance of a physician ''therein'', and stated that, ''This clause is to be liberally construed to give effect to the intent and purpose of the contracting parties, and means that when

the insured is ill enough to be confined to his house and is so confined, except when he gets up under the advice of a physician in order to try to improve his health, then a recovery may be allowed.''

In the case of Mutual Benefit Health & Accident Ass'n. v. McDonald, 215 P. 135 (Colo.), we find the following quotation: ''Where an insured, having received an injury resulting in septicemia, was totally disabled from attending to any business, and was confined to the house, except that approximately once a week he left his home and went to a physician's office six miles away to receive medical treatment, he was entitled to the full weekly payment for 'confining illness' under a clause in his accident and health policy defining such illness as totally disabling insured and 'confining the insured continuously within doors', especially in view of a later clause that the policy should 'not cover disability while insured is not continuously under the professional care and regular attendance, at least once a week, of a licensed physician or surgeon'.''

It is apparent from the above cases that the appellant was not precluded from recovering on the policy by reason of having visited her doctor for treatment, and having gone into the drug store and grocery store a few times on her way back home from his office. The directed verdict in this case was therefore erroneous, and must be set aside; however, since the appellant did not request a peremptory instruction this Court cannot render judgment here. Henry v. W. T. Rawleigh Co., 152 Miss. 320, 120 So. 188; Wolff v. Mauceli, 237 Miss. 378, 114 So. 2d 845; City of Clarksdale v. Fitzgerald, (Miss.) 187 So. 533.

This case is therefore reversed and remanded.

Reversed and remanded.

*Lee, P.J.*, and *Kyle, Gillespie* and *Jones, JJ.*, concur.