# UNITED EQUITABLE INSURANCE COMPANY v. BERRY PADGETT.

# NATIONAL CENTRAL LIFE INSURANCE COMPANY v. BERRY PADGETT. No. 32.
## —443 S.W.2d 480

Eastern Section. February 24, 1969.

Certiorari Denied by Supreme Court July 7, 1969.

Edward F. Hurd, Newport, for appellants.

Roy T. Campbell, Newport, for appellee.

PARROTT, J. In these two nonjury circuit court actions, consolidated for trial, plaintiff brought separate suits seeking recovery of hospital benefits on separate contracts of insurance issued to the plaintiff by the respective defendants. From judgments in favor of the insured, each of the defendant insurance companies has appealed.

Each of the policies contain provisions affording the insured hospitalization benefits. The United Equitable policy provides payment "when such injury shall continually confine the insured to a hospital." Similar language in the National Central Life policy says "necessarily continuously confine the Insured within a hospital."

The proof shows without question plaintiff suffered an accidental injury when he fell from his car on January 18, 1967. As a result of these injuries he was confined in Allen-Baker Clinic, White Pine, Tennessee, from January 20, 1967 until February 3, 1967 when he left the hospital against the advice of his physician and went home where he remained in bed until he was admitted to East Tennessee Baptist Hospital on March 15, 1967, and was discharged April 1, 1967.

It is the second period of hospitalization that the defendant insurance companies insist is not within the coverage of their policies. The defendants take the position that under their contracts they are only liable for benefits so long as the insured's stay in the hospital is uninterrupted.

We have not found a Tennessee case and none has been pointed out to us which construes the particular language when used in hospitalization policies such as are in question. However, there are numerous decisions of our appellate courts and other authorities construing similar language found in accident and health policies. We think these cases are not only analogous but the reasoning should apply and control in the instant case.

The decisions in this state commit this court to a liberal construction of such provisions in favor of the

insured. Brandt v. Mutual Benefit Health & Accident Assn., 30 Tenn.App. 14, 202 S.W.2d 827.

In 45 C.J.S. Insurance sec. 901, there is a statement which appears to be in general accord with the decisions of our courts in construing the words "continually" and "continuously" when used in insurance policies.

"Where an accident policy includes the element of continuity and undertakes to insure only for loss resulting from injuries that 'continuously' disable insured, the word 'continuously' means regularly, protracted, enduring, and without any substantial interruption of sequence, as distinguished from irregularly, spasmodically, intermittently, or occasionally. 'Continuously' does not mean constantly, nor does it denote ceaseless and absolute continuity. Thus, under such a policy the continuity of the disability is not broken by the fact that insured returns to his work at long intervals, and for only short periods, while still suffering from the injury; but the continuity is broken where insured for protracted periods after the injury performs his regular duties."

For cases following the above, see Allen v. Paul Revere Life Ins. Co., 57 Tenn.App. 650, 423 S.W.2d 504; Stubblefield v. Mutual Benefit Health & Accident Assn., 11 Tenn. App. 411; Bockman v. Mutual Health Benefit & Accident Assn., 7 Tenn.App. 618.

Applying, as we are required to, the liberal rules of construction and the reasoning of the above authorities, we do not think as a matter of law the insured's staying at home in bed could constitute a fatal variance but was substantial compliance with the terms of the

policy. Credible evidence shows beyond any doubt that the second period of hospitalization was a direct result of the injury which caused the first hospitalization. As heretofore pointed out, the insured during his stay at home remained a bed patient which would not break the continuity of his confinement resulting from the injury which the policy agrees to pay benefits when the insured is hospitalized.

The judgment is affirmed.

McAmis, P. J., and Cooper, J., concur.