**NATIONAL CENTRAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Joe L. ANDERSON and Ilaire Anderson, Appellees.**

No. 7952.

Court of Civil Appeals of Texas.

Texarkana.

July 22, 1969.

George L. McWilliams, Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, for appellant.

Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellees.

FANNING, Justice.

Joe L. Anderson and wife, Ilarie Anderson, sued appellant insurance company upon an insurance policy providing indemnity benefits for hospitalization resulting from accidental bodily injury. The facts were stipulated and were undisputed.

Mrs. Anderson was injured in an automobile accident on Dec. 3, 1966, while and at all other pertinent times hereto, the insurance policy was in full force and effect. She was confined to Red River Hospital in Clarksville, Texas, from December 3, 1966, to December 13, 1966. Appellant tendered appellees and Red River Hospital a check for $333.33 for the amount of this first hospital confinement, however said check was not accepted and was returned to appellant.

For therapeutic reasons and under the advice of her physician, Mrs. Anderson left the hospital on December 13, 1966, and went to her home, and received regular treatments from Dr. Reed, her family physician, until she went to Wadley Hospital in Texarkana, Texas, on April 7, 1967, on account of her previous injury, under the direction of Dr. Knight, for certain x-rays, and tests, and stayed there until April 15, 1967. Mrs. Anderson then went back home for therapeutic reasons, under the advice of her physicians, Drs. Reed and Knight. Mrs. Anderson was readmitted to Wadley Hospital on April 25, 1967, for surgery resulting from her previous injury of December 3, 1966, and was discharged from Wadley Hospital on May 11, 1967.

Appellees sued appellant, seeking recovery for said three periods of hospital confinement totalling 35 days. Appellant recognized coverage for the first ten days hospitalization period, amounting to $333.-33, but denied coverage for the two subsequent periods of hospitalization.

The trial court held that appellees were entitled to recovery for all three periods of hospitalization in the total sum of $1,-166.58, plus statutory penalty, interest and attorney's fees. Appellant has appealed from said judgment.

Appellant presents one point of error as follows:

"1. The District Court erred in granting judgment to the appellee (except as admitted by Appellant) because under the facts as stipulated by the parties, Appellee, as a matter of law, was not 'continuously' confined in a hospital as required by the express terms of the insurance policy under consideration."

The policy in question reads in part as found below.[1]

Both appellant and appellees concede that there are no Texas cases directly in point.

Appellant contends for a literal construction of the term *"continuously confine* the Insured to a hospital, etc.,"* and cites a North Carolina case, Atkinson v. Pilot Life Insurance Company, 260 N.C. 348, 132 S.E. 2d 681, where the court, after stating the facts in said case, in a short per curiam opinion, held as quoted below.[2]

Appellees contend that a liberal construction should be given the above referred to term and especially so under the facts in this case, since it was stipulated and agreed that the absences of Mrs. Anderson from the hospitals were only occasional and for therapeutic reasons and under the advice of her physicians, Dr. C. B. Reed and Dr. Norris Knight.

The case of Atkinson v. Pilot Life Insurance Co., supra (132 S.E.2d 681) cited by appellant, is distinguishable from the

1. "AUTOMOBILE OWNER'S FAMILY ACCIDENT AND HOSPITAL POLICY. This policy provides indemnity for loss of life and hospitalization from accidental bodily injury, as the result of accidents while riding or driving within a passenger automobile, motor bus or motor truck as herein limited and provided, and is noncancellable, guaranteed renewable for life.

\*   \*   \*   \*   \*

Accidental Death
Indemnity
$12,000.00

Maximum Hospital
Confinement Benefits
$12,000.00

Monthly Hospital
Confinement Benefits
$1,000.00

Insuring Clause

"The Company hereby insured the Named Insured and Insured Family Members, if any, named in the Policy Schedule (each, including the Named Insured, hereinafter referred to as 'Insured'), against loss, subject to the provisions, conditions and limitations specified herein during the terms of this policy resulting from accidental bodily injury (hereinafter referred to as 'Such Injury') sustained directly and solely as a result of an accident to any passenger automobile, motor bus, or motor truck provided the Insured named in the Policy Schedule is riding or driving within the enclosed part of such motor driven vehicle designed for the accommodation of the driver of passenger.

\*   \*   \*   \*   \*

"Part Two   TOTAL DISABILITY HOSPITAL CONFINEMENT BENEFITS

"If 'Such Injury' as is described in the Insuring Clause, independently of all other causes shall as a direct result there-

of necessarily continuously confine the Insured within a hospital while requiring regular treatment within the hospital by a legally qualified Medical or Osteopathic physician or surgeon, then the Company will pay benefits to the Named Insured, commencing with the first day of hospitalization, so long as such confinement and treatment continues, an indemnity for one day or more, resulting from any one accident, at the rate of One Thousand Dollars ($1,000.00) per month not to exceed Twelve (12) months, total payments not to exceed Twelve Thousand Dollars ($12,000.00) while the policy continues in force. Benefits payable under this Part are payable in addition to benefits payable under Part One."

2. "Per Curiam. The clear meaning of the unambiguous terms of the pertinent provisions of the policy purchased by plaintiff may be stated as follows: If insured is injured by accident and, on account of such injury and within thirty days from the date thereof, enters 'a hospital providing twenty-four hours' nursing service and facilities for diagnosis and major surgery', defendant is obligated to pay ten dollars per day for each day insured is continuously confined in such hospital. See Parker v. [State Capitol Life] Insurance Co., 259 N.C. 115, 130 S.E.2d 36.

"Plaintiff was injured by accident on December 29, 1961. Beginning January 1, 1962, he was continuously confined in Wayne Memorial Hospital for eleven days and was paid $110.00 on account thereof. On May 6, 1962, nearly four months after his discharge on January 12, 1962, from Wayne Memorial Hospital, plaintiff entered Duke Hospital. Plaintiff's confinement in Duke Hospital was a new, separate and distinct period of hospital confinement for which no coverage is provided by plaintiff's policy.

"Reversed."

case at bar in that the absences from the hospital in *Atkinson* were *other than for therapeutic reasons under the advice of the attending physicians,* while in the case at bar the absences of Ilarie Anderson from the hospital were only occasional for therapeutic reasons and under the advice of her physicians.

The parties cite several house confinement cases[3] which deal with a "continuous confinement" clause in the policies. These cases hold generally that a liberal rather than a literal interpretation should be adopted, especially where the insured left the house occasionally, and especially so when done for therapeutic reasons under the advice of the attending physicians. These cases, while not directly in point, we think tend to support the position of appellees that a liberal construction should be given to the term "continuously confine".

The case of Texas Reserve Life Insurance Co. v. Texas Rehabilitation Center, Tex.Civ.App., 332 S.W.2d 403, no writ, holds, among other matters, that temporary absences from a hospital for therapeutic purposes, does not as a matter of law constitute a fatal variance from an insurance policy providing benefits in event of "confinement in a hospital". We quote from the court's opinion in part as follows:

"Regarding appellant's contention that the patients, Billy Curry and Mrs. Jenkins, were not confined in the hospital as provided by the policies, we think the law is well settled in Texas that temporary absence from the hospital for the purpose stated, and as a part of the treatment of the patient, does not, as a matter of law, constitute a fatal variance from the terms of the policy. The facts in evidence support the trial court's implied findings that Billy Curry remained

confined within the hospital, and that Mrs. Jenkins remained confined as a bed patient in the hospital. American Casualty Co. v. Horton, Tex.Civ.App., 152 S.W.2d 395; National Benevolent Soc. v. Price, Tex.Civ.App., 32 S.W.2d 683; Standard Accident Ins. Co. v. Brock, Tex.Civ.App., 1 S.W.2d 678; Fed. Surety Co. v. Waite, Tex.Civ.App., 297 S.W. 312; Southern Surety Co. v. Diercks, Tex.Civ.App., 250 S.W. 755. For other authorities see, 29 A.L.R.2d 1427 et seq. While some jurisdictions have adopted the strict and literal construction of the expression 'confined within the house', and similar expressions, *the majority of jurisdictions, including the State of Texas, have adopted a liberal construction. Under such construction the courts have held, even in cases where the policy required the confinement to be 'continuous', that where the absences were only occasional, for therapeutic reasons and under the advice of physicians, if otherwise the confinement was continuous, such absences would not defeat the right to recover.* Authorities supra. The same rule has been applied in construing the provision, 'confined to bed'. Washington Nat. Ins. Co. v. Curry, Tex. Civ.App., 97 S.W.2d 525, 527." (Emphasis added.)

A literal construction of the term in question would favor the insurer; a liberal construction would favor the insured. While the question is not free from doubt and has not been squarely decided in Texas, it is our view that under the peculiar fact situation in the case at bar and under the express agreed stipulation that the absences of Mrs. Anderson from the hospitals were only occasional and for therapeutic reasons upon the advice of her doctors, we think we should adopt a liberal construction

3.  American Casualty Company v. Horton, 152 S.W.2d 395, Tex.Civ.App. writ dism'd; Washington National Insurance Company v. Booker, 123 S.W.2d 975, Tex.Civ.App. no writ; Washington Fidelity National Insurance Company v. Smith, 80 S.W.2d 413, Tex.Civ.App. no writ; Standard Accident Insurance Company v. Brock, 1 S.W.2d 678, Tex.Civ.App., writ. dism'd; Federal Surety Co. v. Waite, 297 S.W. 312, Tex.Civ.App., writ dism'd; Southern Surety Company v. Diercks, 250 S.W. 765, Tex.Civ.App., no writ.

and resolve the doubt in favor of the insured, and uphold the judgment of the trial court.

It is therefore our best judgment that under the record in this case the judgment of the trial court should be affirmed.

Accordingly, the judgment of the trial court is affirmed.