RODGERS, Presiding Justice.
This is an appeal from the Circuit Court of Neshoba County, Mississippi, wherein the appellants Edsel M. Fussell and Caroline C. Fussell sued the appellee Patricia A. Pickney Cannon for rent alleged to be due under the terms of a Florida lease contract for the use of a dwelling in Florida.
The appellants claimed that the appellee owed rent in the sum of four hundred thirty-seven dollars and fifty cents ($437.50), and that the appellee owed one hundred and forty dollars ($140.00) for a part of a month’s rent for failure to give notice of terminating the contract, and also two hundred twenty-two dollars and ninety-five cents ($222.95) expended by appellants in refurbishing the house.
The appellee admitted owing the rent, but claimed that she deposited one hundred seventy-five dollars ($175.00) with the appellants, for which she had not been given credit. She then paid into court two hundred sixty-three dollars and fifty cents ($263.50), all that she said was due for rent. She then filed a counterclaim in the sum of three hundred dollars ($300.00) alleged to be for money paid for repair to a garbage disposal unit which failed to work.
At the close of the testimony for the ap-pellee, defendant, the court overruled appellant’s motion for a directed verdict against the counterclaim filed by appellee. We think the overruling of this motion was error because there is no evidence in the record showing that the lessee, appel-lee, gave any notice to the lessors, appellants, that the lessee was paying out money because of the failure of the mechanical garbage disposal. This is particularly true in this case because the money alleged to have been expended amounted to more than the cost of a new unit. The foregoing rule is applicable in Mississippi and Florida. See: Wolff v. Mauceli, 237 Miss. 378, 114 So.2d 845 (1959), Corr. 237 Miss. 378, 117 So.2d 332 (1960); and Richards v. Dodge, 150 So.2d 477 (Fla.App.1963).
*827 The jury returned a verdict for the ap-pellee for two hundred thirty-six dollars ($236.00) on her counterclaim, and this part of the verdict must be set aside. On the other hand, the jury also stated in its verdict that “The rent was paid in full with the check in hands of the court.” The jury found that the plaintiffs’, appellants’ claim was satisfied by the money paid into court.
We, therefore, reverse the judgment of the trial court and render judgment against the appellee for the sum of two hundred sixty-three dollars and fifty cents ($263.50), admitted to be due and said to have been deposited with the Circuit Clerk.
Judgment reversed and rendered.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.