357 So.2d 132 (1978)
Clyde A. HURST, Defendant-Appellant,
v.
Jeffery Byron ENGLISH by and through Jackie English, father and next friend, Plaintiff-Appellee.
No. 50132.
Supreme Court of Mississippi.
April 5, 1978.
*133 Gibbes, Graves, Mullins, Bullock & Ferris, C. Denton Gibbes, Jr., Laurel, for defendant-appellant.
William S. Boyd, III, J. Larry Walters, Laurel, for plaintiff-appellee.
Before PATTERSON, C.J., and BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This appeal is from a judgment of the Circuit Court of Jones County, Second District, awarding Jeffery English damages for injuries received when a door spring in the building of Clyde Hurst broke and struck him in the eye.
The facts are largely without dispute. Clyde Hurst, the appellant, and his wife owned a building in the city of Laurel in which Mr. and Mrs. Winston D. Kitchens operated the Mary Carter Paint Store. On April 1, 1964, the Kitchens, lessees, executed an agreement for the premises with Clyde A. Hurst, the lessor, which contained the following clause:
Lessor shall as soon as possible and not later than 45 days from the above date, repair windows, doors, front of building, paint building and keep same in good condition for the life of this agreement.
On November 2, 1974, Jeffery English, then less than two years of age, entered the store with his mother. While she was shopping, he opened the wooden screen door until it was almost against the outside wall of the building. The door spring broke with some noise which was immediately followed by screams of the youngster. Attention was given to the child who was holding his hand to his left eye and it then was observed that the spring was dangling in two pieces from the door.
As a result of the injury the youngster was seriously injured requiring medical treatment and eye surgery. Through his father Jeffery sued the Hursts as well as the Kitchens, doing business as the Mary Carter Paint Store. A voluntary nonsuit dismissed the Kitchens prior to trial and at the conclusion of the plaintiff's case a motion for a peremptory instruction of no liability as to Flossie Hurst was sustained. A jury verdict of $15,417 was returned against Hurst, the lessor. The court overruled his motion for a judgment notwithstanding the verdict or in the alternative a new trial.
Mrs. English testified in the trial that the door spring was rusty, stretched and worn in two or three places. Mrs. Kitchens, who was tending the store, testified the spring had been installed a year or two previously under appellant's directions. She stated the spring was rusty, though not a great deal, and stretched from children playing on the door.
The appellant assigns as error the trial court's denial of his motion for a peremptory instruction, a judgment notwithstanding the verdict, or alternatively a new trial, and its grant and denial of certain jury instructions. The real issue is whether Hurst, lessor, is liable to a third party invitee for injuries received on premises leased to another wherein he, the lessor, had covenanted to keep the premises in "good condition" for the term of the lease.
Appellant relies on Floyd v. Lusk, 190 So.2d 451 (Miss. 1966), in which this Court held a landlord not liable for injuries to a third person from defects in the premises absent evidence that the landlord created a nuisance calculated to cause damage or injury, or was guilty of a willful, wrong, culpable negligence, or concealment or fraud as to some defect on the premises. He contends this principle applies to the present facts. However, this seems to be the rule only where there is no duty upon the landlord to repair imposed by covenant or otherwise.
*134 Where there is a covenant to keep the premises in repair or to make necessary repairs, the general rule, as stated in 49 Am.Jur.2d., Landlord and Tenant, section 838 (1970), is that unless it appears the landlord has knowledge of the need of repair, notice by the tenant to the landlord of such need is necessary to place the latter in default for not repairing the demised premises. This has been broadened by case law to include that there must also be a reasonable opportunity to repair. Lucas v. Brown, 82 F.2d 361 (8th Cir.1936); Schenk v. Lamp, 229 Or. 72, 365 P.2d 1068 (1961); Underhill, Law of Landlord and Tenant, § 516, p. 861 (1909).
The logic for this rule of law is perhaps best explained in 3A Corbin, Contracts, section 725, page 391 (1960):
... Suppose that a leak develops in the roof or a drain pipe becomes stopped up. If notice to the landlord is not a condition precedent to his duty, he has committed a breach of his contract just as soon as the defective condition exists, and he would be liable in damages for all the injury that is subsequently caused thereby. On the other hand if notice is required and if no notice has been given until after the defect occurs and serious injury has been done, the landlord has committed no breach of contract and cannot be held liable in damages.
If the part of the premises to be kept in repair is in the legal possession of the landlord or if he has reserved the legal privilege of entry, so that at all reasonable times he may investigate for himself to discover leaks in the roof or stoppages in a pipe, it should usually be held that notice to the landlord by the tenant is not a condition precedent to the landlord's duty. In such a case the sources of information of the two parties are substantially equivalent. If, on the other hand, the landlord is not in legal possession and has not reserved the privilege of entry for examination, it should usually be held that notice is a condition precedent.
So far as concerns the possession and use of leased premises, the lease operates as a demise or conveyance of the property for a specified period of time. Rich v. Swalm, 161 Miss. 505, 137 So. 325 (1931). No right of possession or use remains in a lessor unless expressly reserved. Collins v. Wheeless, 171 Miss. 263, 157 So. 82 (1934). In the present case, the lease agreement did not expressly reserve unto the lessor any right to enter the premises for general maintenance repair. Therefore, we think that no duty arose in him until he had either received notice of or had knowledge of a state of disrepair.
In the absence of provision otherwise, where a landlord is obligated to make repairs during the term, actual or constructive notice of the need of repair is necessary to place him in default of his duty. Wolff v. Mauceli, 237 Miss. 378, 114 So.2d 845 (1959). We are of the opinion that the record discloses no dispute of fact as regards notice so as to present a jury question. It is uncontradicted that Hurst had no notice of the spring's condition either of his own knowledge or communicated to him by his lessee, agent or otherwise.
The question of whether Hurst "should have had knowledge" of the spring's condition is, under the present circumstances, legal rather than factual. Although he testified that he saw the building "almost every day for the last ten years" as his office was in a building approximately twelve or fifteen feet from the paint store, it is undisputed that he was unable to see the spring in passing on his daily route. Further, he was not burdened with the duty to inspect the premises. Although he stated he entered the paint store periodically for supplies, he testified that he had no reason to know that the spring was rusted or stretched. On these facts, we are of the opinion there was no breach of duty and that a peremptory instruction should have been given in favor of the appellant.
We also think that the present facts are distinguishable from Hodges v. Hilton, 173 Miss. 343, 161 So. 686 (1935), in which this Court allowed recovery against a lessor by one in privity with the lessee. However, in that case the lessee notified the landlord of *135 the dangerous and unsafe condition of a porch and its repair became part of the consideration for the rental agreement.
Therefore we are of the opinion that the cause be reversed and judgment rendered in favor of appellant. Having decided this, we need not consider the other assignments of error.
REVERSED AND RENDERED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
COFER, J., took no part.