**W.C. BOYKIN,**

v.

**PHYSICIANS MUTUAL INSURANCE COMPANY.**

**Civ. A. No. W86–0113(B).**

United States District Court, S.D. Mississippi, W.D.

March 2, 1988.

888

Halbert E. Dockins, Jr., Jackson, Miss., for plaintiff.

John C. Hudson, Claim Services, Physicians Mutual Ins. Co., Omaha, Neb., Susan McEuen Lawler, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. This case presents a question of first impression in Mississippi. The Court finds there are genuine issues of material fact as to part of the Plaintiff's case, but the Defendant is entitled to partial summary judgment as a matter of law on the issue of punitive damages.

## FACTS

On January 23, 1982, the Defendant Physicians Mutual Insurance Company ("Physicians Mutual") issued to the Plaintiff a hospital confinement indemnity policy which provided for payment of $30.00 a day for each full day that a covered person was "confined as an inpatient in a licensed hospital due to accident or sickness." Premiums, payable in advance, were due on the 23rd day of every month. The Plaintiff kept the policy in effect for 3½ years by paying the monthly premiums. Plaintiff's last premium payment was dated June 5, 1985, for the past-due May payment and the June payment. The June 5, 1985, payment kept the policy in effect up to June 23, 1985, after which the Plaintiff had a thirty-one day grace period of coverage under the policy until July 24, 1985. On July 23, 1985, the thirtieth day of the grace period, the Plaintiff suffered a stroke. He was hospitalized in Mercy Regional Medical Center in Vicksburg, Mississippi, from July 23 to August 10, 1985. On August 10 Plaintiff Boykin was to be transferred to the Methodist Rehabilitation Center in Jackson, Mississippi, for further treatment. Although he was released from Mercy Regional, he was not admitted to Methodist Rehabilitation Center because there was no available bed space. Plaintiff therefore stayed at his son's residence in Jackson waiting for space to open up in the Methodist Rehabilitation Center. On August 27, 1985, the Plaintiff's condition worsened and he was taken to Hinds General Hospital for treatment until a bed became available in the Methodist Rehabilitation Center. Plaintiff has been in the Rehabilitation Center since that time.

It is uncontested that the Plaintiff has not paid another premium since June of 1985. Plaintiff made a claim to Defendant for the July 23 to August 10, 1985, hospitalization and it was paid by Defendant since the claim clearly began within the grace period. The Defendant has not paid any other hospital benefit claims after the July 23 to August 10 hospitalization at Mercy Regional Medical Center. Defendant contends the policy lapsed at the end of the grace period on July 24, 1985, and no other hospitalizations are covered.

## ANALYSIS

The Plaintiff brought suit on November 3, 1986, alleging tortious breach of contract, breach of fiduciary duties, and fraud in the inducement. Plaintiff seeks compensatory damages and punitive damages for bad faith failure to pay the hospitalization claims. The Defendant seeks summary judgment on the basis that the Plaintiff's failure to pay the premium caused the policy to lapse after the policy period and the thirty-one day grace period, and that it has no obligation to pay for hospitalizations beginning after that date. The Defendant correctly cites Mississippi law that non-payment of premiums will effect a forfeiture of benefits, and sickness or insanity will

not avoid the forfeiture. *See American Life Insurance Company v. Hauer*, 218 Miss. 560, 67 So.2d 523, 525 (Miss.1953); *New York Life Insurance Company v. Alexander*, 122 Miss. 813, 85 So. 93, 95 (Miss.1920).

The Plaintiff opposes summary judgment by urging a point that the Mississippi Supreme Court has yet to rule upon, although other jurisdictions have addressed the issue. The Plaintiff contends that his confinement was continuous based upon the debilitating effects of his stroke on July 23, 1985. If his confinement continued from July 23, 1985, and never terminated, then all subsequent hospitalizations would be covered under the policy. Plaintiff Boykin argues that he was to be hospitalized continuously and was at no time discharged from confinement; the period of time he spent at his son's residence was due only to the unavailability of a bed at the Methodist Rehabilitation Center and was upon the advice of his physician.

The hospital indemnity policy contains this provision:

POLICY LIMITATIONS:

We will not pay for:

.    .    .    .    .

(b) Confinement that starts while your policy is not in force.

It is undisputed that the July 23, 1985, hospitalization started while the policy was still "in force" under the grace period. The question is whether subsequent to August 10, 1985, there were any new confinements which *started* while the policy was not in force or whether, as the Plaintiff maintains, the confinement due to the initial illness continued during the time Plaintiff was being transferred between Mercy Regional, Hinds General and Methodist Rehabilitation Center. The issue to be addressed by this Court is whether Mississippi courts, when confronted with this question, would construe the hospitalizations or confinements as continuous and not separate under this particular policy.

This case differs slightly from other state decisions cited by Plaintiff; those cases were interpreting policy clauses calling for "continuous confinement." *See National Central Life Insurance Company v. Anderson*, 443 S.W.2d 786 (Tex.Civ.App. 1969); *United Equitable Insurance Company v. Padgett*, 59 Tenn.App. 626, 443 S.W.2d 480 (1969); *Fowler v. United Equitable Insurance Company*, 200 Kan. 632, 438 P.2d 46 (1968). In the present case this Court is asked to interpret whether a confinement ended for purposes of determining whether a new confinement started after the policy effective date. The state cases did examine, however, how interruptions were viewed in the sequence of hospitalizations. Those principles may be applied to the question before this Court. The state courts found that temporary absences from the hospital did not constitute a fatal variance from confinement. *Anderson*, 443 S.W.2d at 789–90; *Padgett*, 443 S.W.2d at 481–82; *Fowler*, 438 P.2d at 49–52. The courts construed analogous cases regarding confinement to the insured's house or bed and held that occasional absences for therapeutic reasons and under the advice of physicians did not terminate continuous confinement. *See Anderson*, 443 S.W.2d at 789; *Fowler*, 438 P.2d at 49–50. Mississippi case law also holds that temporary breaks do not terminate "continuous confinement" to house or bed because of the liberal construction given to confinement clauses. *See Bedwell v. Automobile Owners Insurance Company*, 240 Miss. 312, 127 So.2d 432, 433–34 (1961).

This Court has found another compelling case on point. In *Johnson v. American Family Life Assurance Company of Columbus*, 583 F.Supp. 1450 (D.Colo.1984), the district court was faced with construing a hospitalization policy regarding continued coverage despite brief periods of time when the claimant was not physically within a hospital. In *Johnson* the claimant was treated at four different facilities for a total of eleven hospitalizations between February 17, 1982, and August 9, 1982. *Johnson*, 583 F.Supp. at 1451–52. During this six-month period there were fifty-four days when the claimant was not in a hospital bed due to transfers between hospitals and times when she had to wait to be admitted. *Id.* at 1452. The Colorado dis-

trict court characterized the parties' arguments thusly:

> Plaintiff asserts that these brief absences from a hospital, which were necessary and incident to obtaining medical treatment in another facility or travelling between hospitals, were not interruptions of "hospital confinement" within the meaning of the policy. Defendant does not dispute the plaintiff's characterization of his wife's condition or the purposes for her absences from the hospital during this period. Rather, the defendant asks that I construe the policy provision strictly and seems to argue that *any* interruption in hospital confinement, no matter for what length or purpose, stops accrual of time under the extended benefits provision.

*Id.* The district court noted that the case was one of first impression in Colorado, and it examined the *Anderson, Padgett,* and *Fowler* cases to determine whether or not travelling between hospitals to secure better medical treatment interrupted the plaintiff's hospital confinement for purposes of coverage under the policy. The Court noted that Colorado case law regarding house or bed confinement provisions permitted a claimant to leave his or her house for temporary, exceptional circumstances and yet still be considered "continuously confined." By analogy the Court construed "continuous uninterrupted hospital confinement" to apply to a claimant who was confined to the hospital substantially all of the time. *Id.* at 1454. The *Johnson* court also noted the length of the confinement "interruptions" in other cases as compared to the length of "interruptions" to Johnson's confinement. As the court concluded:

> Her ratio of time spent in hospitals to time spent outside hospitals was thus greater than in any of the above cases. As in the above cases, each period of her hospitalization was necessitated by the same cause—progressive, continuous, relentless, deterioration of her body from cancer. Her brief absences from a hospital, as in *National Central Life Insurance Co. v. Anderson, supra,* were only occasional, for therapeutic reasons, or by

necessity in the course of changing hospitals. All were pursuant to the advice of her physicians.

*Johnson,* 583 F.Supp. at 1455.

In the present case the Plaintiff has had one period of seventeen days when he was not physically within a hospital. He had been hospitalized for eighteen days prior to that period and hospitalization has been necessitated by the same illness for two and a half years subsequent to that period. This Court finds that the Mississippi Supreme Court, if presented with this issue, would likely rule as did the courts in Colorado, Tennessee, Kansas, and Texas and find that temporary, occasional absences from a hospital for therapeutic reasons or by necessity in the course of changing hospitals do not constitute a fatal variance from confinement. If there was no termination of confinement, no new confinement "started" while the policy was not in force and coverage would continue under this particular policy. The question that now remains is whether the circumstances surrounding the Plaintiff's absence from a hospital from August 10 to August 27, 1985, were for therapeutic reasons upon the advice of his physician or by necessity in the course of changing hospitals and not because he no longer needed hospitalization. The Court determines that this is a factual issue which cannot be resolved on a summary judgment motion. The Court will therefore deny summary judgment on this issue.

The Defendant Physicians Mutual has moved for partial summary judgment on the issue of punitive damages. In Mississippi punitive damages in a bad faith action against an insurance company are only appropriate where the defendant had no legitimate or arguable reason for denying the claim. *See, e.g., Blue Cross & Blue Shield of Mississippi v. Campbell,* 466 So. 2d 833, 841 (Miss.1984); *Standard Life Insurance Co. v. Veal,* 354 So.2d 239, 248 (Miss.1977). The Defendant Physicians Mutual in denying the Plaintiff's claim was relying on established Mississippi law that failure to pay premiums causes a forfeiture of the policy. Since the question presented

by the Plaintiff is one of first impression in Mississippi, this Court finds that the Defendant had a legitimate and arguable reason for denying the claim. The Court will therefore grant partial summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure in favor of Defendant Physicians Mutual on the issue of punitive damages.

## CONCLUSION

In accordance with the foregoing analysis, this Court denies the Defendant's Motion for Summary Judgment on the question of lapse of the insurance policy, but grants partial summary judgment in favor of the Defendant on the issue of punitive damages.